**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHARACTER TECHNOLOGIES, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11603 ([___]) |

**DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I)(A) APPROVING THE DEBTOR'S PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (B) APPROVING THE DEBTOR'S PROPOSED PROCEDURES FOR RESOLVING ADDITIONAL ASSURANCE REQUESTS, AND (C) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES; AND (II) GRANTING RELATED RELIEF**

The debtor and debtor in possession in the above-captioned case (the "Debtor") hereby submits this motion (this "Motion") for entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** (the "Interim Order") and **Exhibit B** (the "Final Order" and, together with the Interim Order, the "Proposed Orders"), (i)(a) approving the Debtor's proposed adequate assurance of payment for future utility services, (b) approving the Debtor's proposed procedures for resolving requests for additional adequate assurance, and (c) prohibiting utility providers from altering, refusing, or discontinuing services to the Debtor during the pendency of this chapter 11 case on account of nonpayment for prepetition services; and (ii) granting related relief. In support hereof, the Debtor relies on the *Declaration of Colin M. Adams in Support of the Debtor's Chapter*

[1] The Debtor and the last four digits of its taxpayer identification number are: Character Technologies, Inc. (8842). The Debtor's mailing address for purposes of the chapter 11 case is 700 El Camino Real, Suite 120, P.O. Box 1152, Menlo Park, CA 94025.

*11 Petition and First Day Motions* (the "First Day Declaration"),[2] filed concurrently herewith, and further represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. Pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtor confirms its consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this chapter 11 case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 366 of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1(m).

## RELIEF REQUESTED

4. Through this Motion, the Debtor seeks entry of the Proposed Orders (i)(a) approving the Debtor's proposed adequate assurance of payment for future utility services, (b) approving the Debtor's proposed procedures for resolving requests for additional adequate assurance, and (c) prohibiting utility providers from altering, refusing, or discontinuing services to

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

the Debtor during the pendency of this chapter 11 case on account of nonpayment for prepetition services; and (ii) granting related relief.

## BACKGROUND

5. On October 12, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this chapter 11 case, and no official committee of unsecured creditors has been appointed.

6. The Debtor is a first in kind artificial intelligence ("AI") entertainment platform that allows users to have immersive, multimodal experiences with fictional or imagined characters. What started as a platform to have one-on-one chats tailored to user preferences, has evolved to become a category leader in entertainment AI. Today, the Character.AI platform generates stunning visuals that become part of a story, creates dynamic video content with AI characters, and actively augments videos and stories with rich audio experiences to enhance immersion. In its 4-year lifespan as an active platform, Character has amassed a large and engaged user base. The burgeoning and evolving field of AI entertainment, however, has proven to be costly to develop and grow. These high costs, coupled with potential litigation related liabilities and regulatory engagement have contributed to the Debtor's inability to generate sufficient cash flows to support its business in the present form. The Debtor has commenced this case to engage in value-maximizing transactions for the benefit of its stakeholders.

7. Additional factual background regarding the Debtor, including its business operations, its corporate and capital structure, and the events leading to the filing of this chapter 11 case, is set forth in the First Day Declaration and incorporated herein by reference.

## A. THE UTILITY SERVICES AND UTILITY PROVIDERS

8. The Debtor obtains internet, electricity, telecommunications, and other similar services (collectively, the "Utility Services") from a number of different utility providers or brokers (collectively, the "Utility Providers") in connection with the operation of its business.[3] As of the Petition Date, the Debtor had approximately three utility accounts. A nonexclusive list of the Utility Providers and their affiliates that provide Utility Services to the Debtor as of the Petition Date (the "Utility Providers List") and, where available, the Debtor's account number with each Utility Provider is attached hereto as **Exhibit C**.[4]

9. Uninterrupted Utility Services are essential to the Debtor's ongoing business operations and, hence, the overall success of this chapter 11 case. Should any Utility Provider refuse or discontinue service, even for a brief period, the Debtor's business operations would be severely disrupted. Such disruption would adversely affect customer goodwill and employee relations, which, in turn, would jeopardize the Debtor's chapter 11 efforts. Accordingly, it is essential that the Utility Services continue to be provided on an uninterrupted basis during this chapter 11 case.

10. To the best of its knowledge, the Debtor is not in default or arrearages with respect to its obligations for prepetition Utility Services. On average, the Debtor pays approximately

---

[3] This number includes only active accounts where the Debtor is a named party on the account. This number does not include the accounts held by the Debtor's landlord for certain utility services not discussed herein which are passed on to the Debtor through the lease agreement.

[4] The inclusion of any entity on, or the omission of any entity from, the Utility Providers List is not an admission by the Debtor that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserves all rights with respect to any such determination. Additionally, although **Exhibit C** is intended to be comprehensive, the Debtor may have inadvertently omitted one or more Utility Providers. By this motion, the Debtor requests relief applicable to all Utility Providers, regardless of whether such Utility Provider is specifically identified on **Exhibit C**.

$15,000 each month for Utility Services, calculated as a historical average payment for the twelve-month period ended August 31, 2026.

**B. PROPOSED ADEQUATE ASSURANCE OF PAYMENT**

11. The Debtor intends to satisfy post-petition obligations owed to the Utility Providers in a timely manner. The Debtor believes that cash held by the Debtor will provide sufficient liquidity to pay the Debtor's Utility Service obligations in accordance with its prepetition practice.

12. The Debtor believes that the foregoing satisfies the requirements under section 366 of the Bankruptcy Code, which requires debtors to provide adequate assurance of payment for future utility services. Nonetheless, as additional adequate assurance of payment, the Debtor proposes to deposit $8,610 (the "Adequate Assurance Deposit"), into a segregated account (the "Adequate Assurance Account") for the benefit of the Utility Providers. The Adequate Assurance Deposit represents an amount equal to approximately one-half of the Debtor's average monthly cost of Utility Services, as of the Petition Date, net of any prepetition deposits, letters of credit, surety bonds or other similar forms of adequate assurance of payment already provided to the Utility Providers.

13. The Adequate Assurance Deposit will be held in a segregated account at Silicon Valley Bank, a division of First-Citizens Bank & Trust Company, for the duration of this chapter 11 case, for the benefit of each Utility Provider, subject to the Debtor's right to terminate or discontinue the applicable Utility Services and may be applied to any post-petition defaults in payment to the Utility Providers. The Adequate Assurance Deposit will be held by the Debtor.

14. The Debtor submits that the Adequate Assurance Deposit, in conjunction with the Debtor's ability to pay for future Utility Services in accordance with its prepetition practices

(collectively, the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance to the Utility Providers in full satisfaction of the requirements of section 366 of the Bankruptcy Code.

## C. THE ADEQUATE ASSURANCE PROCEDURES

15. In light of the severe consequences to the Debtor's business and operations that would result from any interruption in Utility Services, but recognizing the right of the Utility Providers to evaluate the Proposed Adequate Assurance, if a Utility Provider believes additional adequate assurance is required, it may request such assurance pursuant to the following procedures (the "Adequate Assurance Procedures"):

a. The Debtor will serve a copy of this Motion and the Interim Order granting the relief requested herein to each Utility Provider identified on the Utility Providers List attached hereto as **Exhibit C** within two (2) business days after entry of the Interim Order.

b. Subject to paragraphs (b)-(i) herein, the Debtor will deposit the Adequate Assurance Deposit, in the aggregate amount of $8,610, in the Adequate Assurance Account within twenty (20) days of entry of the Interim Order.

c. Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on: (i) proposed counsel to the Debtor, Wilson Sonsini Goodrich & Rosati, P.C., 222 Delaware Avenue, Suite 800, Wilmington, DE 19801 (Attn: Erin R. Fay, Shane M. Reil, and Heather P. Lambert (emails: efay@wsgr.com, sreil@wsgr.com, and hlambert@wsgr.com)); and (ii) the Office of the United States Trustee for the District of Delaware, 844 N. King Street, Room 2207, Wilmington, DE 19801 (Attn: Linda Casey (email: Linda.Casey@usdoj.gov)) (collectively, the "Notice Parties"). The Debtor shall honor such request within five (5) business days after the date the request is received by the Debtor. The Debtor and any such requesting Utility Provider maintain the ability to resolve any dispute regarding such request without further order of the Court.

d. Any Additional Assurance Request must (i) be in writing; (ii) identify the location for which the Utility Services are provided; (iii) summarize the Debtor's payment history relevant to the affected account(s), including any security deposits; and (iv) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment. Any Additional Assurance Request that does not fully comply

with the foregoing requirements of these Adequate Assurance Procedures shall be deemed invalid.

e. Upon the Debtor's receipt of any Additional Assurance Request, the Debtor shall promptly negotiate with such Utility Company to resolve such Utility Company's Additional Assurance Request.

f. The Debtor may, and without further order from the Court, resolve any Additional Assurance Request by mutual agreement with a Utility Company, and the Debtor may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtor believes that such adequate assurance is reasonable, subject to the terms of any collateral or other financing orders entered by the Court; provided, however, that the Debtor shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available to any official committee appointed in this chapter 11 case, and the U.S. Trustee, in each case, upon request.

g. If a Utility Provider fails to file and serve an Additional Assurance Request in compliance with these Adequate Assurance Procedures, the Utility Provider shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtor on account of any unpaid charges for prepetition services, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

h. If the Debtor and the Utility Company are not able to reach an alternative resolution within 14 days of receipt of the Additional Assurance Request, the Debtor or the Utility Provider may request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Company (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code. Pending resolution of any such Determination Hearing, the Utility Company filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

i. Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtor on account of: (i) unpaid charges for prepetition services; (ii) a pending Additional Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

## D. MODIFICATIONS TO THE UTILITY PROVIDERS LIST

16. The Debtor has made a good-faith effort to identify all Utility Providers and include them on the Utility Providers List attached hereto as **Exhibit C**. Nonetheless, to the extent the Debtor identifies new or additional Utility Providers or discontinues services from existing Utility Providers, the Debtor requests the authority to add or remove such parties from the Utility Providers List; *provided*, *however*, that the Debtor shall provide notice of any such addition or removal to the Notice Parties.

17. For any Utility Provider that is subsequently added to the Utility Providers List, the Debtor will serve such Utility Provider with a copy of the Interim Order or Final Order, as applicable, including the Adequate Assurance Procedures, and provide such Utility Provider fourteen (14) days' notice to object to the inclusion of such Utility Provider on the Utility Providers List. The Debtor requests the authority to increase the Adequate Assurance Deposit by an amount equal to approximately one-half of the Debtor's monthly average cost of Utility Services from the subsequently added Utility Provider, net of any prepetition deposits, letters of credit, or surety bonds already provided to the Utility Provider in the ordinary course of business. The Debtor requests that the terms of the Court's order and the Adequate Assurance Procedures apply to any subsequently identified Utility Provider to the same extent as if the Utility Provider was listed on the original Utility Providers List attached hereto as **Exhibit C**.

18. Upon the discontinuance of any Utility Service, the Debtor seeks authority to, in its discretion and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding, for each of the Utility Services being discontinued, the lesser of (i) one-half of the average monthly cost of such Utility Services, calculated based on the aforementioned historical average, to align with the go-forward average monthly cost of Utility Services and

(ii) the amount of the Adequate Assurance Deposit then attributable to the applicable Utility Provider; *provided* that for any Utility Provider for which the Adequate Assurance Deposit is reduced, the Debtor shall have (a) provided such Utility Provider with fourteen (14) days' notice of such reduction and (b) paid such Utility Provider in full and for any outstanding post-petition Utility Services. To the extent that there is any dispute as to the post-petition amounts owed to a Utility Provider proposed to be removed from the Utility Providers List, such Utility Provider shall not be removed from the Utility Providers List, and no funds shall be removed from the Adequate Assurance Deposit, until such dispute has been resolved.

## BASIS FOR RELIEF

### I. SUFFICIENT CAUSE EXISTS TO APPROVE THE ADEQUATE ASSURANCE PROCEDURES

19. The Court possesses the power, under section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Adequate Assurance Procedures and the Proposed Adequate Assurance are necessary and appropriate to carry out the provisions of the Bankruptcy Code, particularly section 366 thereof. Accordingly, the Court should exercise its powers under sections 366 and 105(a) of the Bankruptcy Code and approve both the Proposed Adequate Assurance and the Adequate Assurance Procedures.

20. Section 366 of the Bankruptcy Code protects a debtor against the immediate termination or alteration of utility services after the petition date. *See* 11 U.S.C. § 366. Section 366(c)(2) requires the debtor to provide "adequate assurance" of payment for post-petition services in a form "satisfactory" to the utility provider within 30 days of the Petition Date, or the utility provider may alter, refuse, or discontinue service. 11 U.S.C. § 366(c)(2). Section 366(c)(1) of the Bankruptcy Code enumerates what constitutes "assurance of payment." 11 U.S.C. § 366(c)(1).

Although assurance of payment must be "adequate," it need not constitute an absolute guarantee of a debtor's ability to pay. *See, e.g., In re Great Atl. & Pac. Tea Co.*, No. 11-CV-1338, 2011 WL 5546954, at *5 (Bankr. S.D.N.Y. Nov. 14, 2011) (finding that "[c]ourts will approve an amount that is adequate enough to insure against unreasonable risk of nonpayment, but are not required to give the equivalent of a guaranty of payment in full"); *In re Caldor, Inc.*, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires . . . adequate assurance of payment. The statute does not require an absolute guarantee of payment." (internal quotation and citation omitted)), *aff'd sub nom. Va. Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646 (2d Cir. 1997) ("Section 366(b) requires . . . 'adequate assurance' of payment. The statute does not require an absolute guarantee of payment.") (citation omitted).

21. When considering whether a given assurance of payment is "adequate," the Court should examine the totality of the circumstances to make an informed decision as to whether the Utility Provider will be subject to an unreasonable risk of nonpayment. *See Mass. Elec. Co. v. Keydata Corp. (In re Keydata Corp.)*, 12 B.R. 156, 158 (B.A.P. 1st Cir. 1981) (citing *In re Cunha*, 1 B.R. 330 (Bankr. E.D. Va. 1979)) (stating that the meaning of "adequate assurance of payment . . . depends upon the facts and circumstances of each case, keeping in mind the intent of Congress to protect the utility company while preventing discrimination against the debtor"); *In re Adelphia Bus. Sols., Inc.*, 280 B.R. 63, 82-83 (Bankr. S.D.N.Y. 2002) (finding that "the heart of the inquiry . . . is the examination of the totality of the circumstances to make an informed judgment as to whether or not the utilities would be subject to an unreasonable risk of payment").

22. Courts have recognized that, in determining the requisite level of adequate assurance, however, "a bankruptcy court must focus upon the need of the utility for assurance, and . . . require that the debtor supply no more than that, since the debtor almost perforce has a

conflicting need to conserve scarce financial resources." *Va. Elec. & Power Co.*, 117 F.3d at 650 (internal quotations omitted) (citing *In re Penn Jersey Corp.*, 72 B.R. 981, 985 (Bankr. E.D. Pa. 1987)); *see also In re Penn. Cent. Transp. Co.*, 467 F.2d 100, 103-04 (3d Cir. 1972) (affirming the bankruptcy court's ruling that no utility deposits were necessary where such deposits likely would "jeopardize the continuing operation of the [debtor] merely to give further security to suppliers who already are reasonably protected"). Accordingly, demands by a Utility Provider for a guarantee of payment should be refused when the Debtor's specific circumstances already afford adequate assurance of payment.

23. Further, courts are permitted to fashion reasonable procedures, such as the Adequate Assurance Procedures proposed herein, to implement the protections afforded under section 366 of the Bankruptcy Code. *See, e.g., In re Circuit City Stores, Inc.*, No. 08-35653, 2009 WL 484553, at *5 (Bankr. E.D. Va. Jan. 14, 2009) (stating that "[t]he plain language of § 366 of the Bankruptcy Code allows the Court to adopt the Procedures set forth in the Utility Order"). Such procedures are important because, without them, debtors "could be forced to address numerous requests by utility companies in an unorganized manner at a critical period in their efforts to reorganize." *Id.*

24. Here, the Debtor respectfully submits that the Utility Providers are adequately assured against any risk of nonpayment for future services. The Adequate Assurance Deposit and the Debtor's ongoing ability to meet obligations as they come due in the ordinary course provide assurance of the Debtor's payment of its future obligations. Moreover, any rights the Utility Providers have under sections 366(b) and (c)(2) of the Bankruptcy Code are wholly preserved under the Adequate Assurance Procedures. Specifically, the Utility Providers may choose, in accordance with the Adequate Assurance Procedures, to request modification of the Proposed

Adequate Assurance and be heard on such request, albeit in an organized and value-maximizing manner.

25. The Adequate Assurance Procedures avoid a haphazard and chaotic process whereby each Utility Provider could make an extortionate, last-minute demand for adequate assurance that would force the Debtor to pay under the threat of losing critical Utility Services. *See In re Circuit City*, 2009 WL 484553, at *5 (noting that "[t]he orderly process contemplated by [the Debtors'] Procedures is necessary for the Debtors' smooth transition into chapter 11, and it will ensure that all parties act in good faith by establishing a fair process that has been reviewed by the Court"). Moreover, termination of Utility Services could result in the Debtor's inability to operate its business to the detriment of all stakeholders. *Cf. In re Monroe Well Serv., Inc.*, 83 B.R. 317, 321-22 (Bankr. E.D. Pa. 1988) (noting that without utility service the debtors "would have to cease operations" and that section 366 of the Bankruptcy Code "was intended to limit the leverage held by utility companies, not increase it").

**IMMEDIATE AND UNSTAYED RELIEF IS NECESSARY**

26. The Court may grant the relief requested in this Motion immediately if the "relief is necessary to avoid immediate and irreparable harm." Bankruptcy Rule 6003; *In re First NLC Fin. Servs.*, LLC, 382 B.R. 547, 549 (Bankr. S.D. Fla. 2008). The Third Circuit has interpreted the language "immediate and irreparable harm" in the context of preliminary injunctions. In that context, the Third Circuit has instructed that irreparable harm is that which "cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). The Debtor submits that, for the reasons set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate.

27. The Debtor also requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[u]nless the Court orders otherwise, an order authorizing the use, sale, or lease of property (other than cash collateral) is stayed for 14 days after the order is entered" Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtor seeks in this Motion is necessary for the Debtor to continue to operate its business without interruption during the pendency of this chapter 11 case and to preserve value for its estate. Accordingly, the Debtor respectfully requests that the Court waive the fourteen (14)-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## RESERVATION OF RIGHTS

28. Nothing in this Motion: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor or its estate; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or its estate to contest the validity, priority, or amount of any claim against the Debtor or its estate; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or its estate with respect to any and all claims or causes of action against any third party; or (iv) shall be construed as a promise to pay a claim or continue any applicable program post-petition, which decision shall be in the discretion of the Debtor. Any payment made pursuant to an order of the Court granting the relief requested herein is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to subsequently dispute such claim.

## NOTICE

29. The Debtor will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the United States Attorney's Office for the District of

Delaware; (c) the Internal Revenue Service; (d) counsel to Disney; (e) the holders of the twenty (20) largest unsecured claims against the Debtor; (f) banks and financial institutions where the Debtor maintains accounts; (g) the Utility Providers; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor will serve copies of this Motion and any order entered in respect hereto as required by Local Rule 9013-1(m). The Debtor respectfully submits that, in light of the nature of the relief requested, no further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: October 13, 2026
Wilmington, Delaware

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

*/s/ Erin R. Fay*

Erin R. Fay (No. 5268)
Shane M. Reil (No. 6195)
Heather P. Lambert (No. 6923)
222 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 304-7600
E-mails: efay@wsgr.com
sreil@wsgr.com
hlambert@wsgr.com

*Proposed Counsel to the Debtor and Debtor in Possession*

# **EXHIBIT A**

**Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHARACTER TECHNOLOGIES, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11603 ([___])<br><br>**Ref. Docket No. __** |

**INTERIM ORDER (I)(A) APPROVING THE DEBTOR'S PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (B) APPROVING THE DEBTOR'S PROPOSED PROCEDURES FOR RESOLVING ADDITIONAL ASSURANCE REQUESTS, AND (C) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of this interim order (this "Interim Order") and a final order (the "Final Order") (i) (a) approving the Debtor's proposed adequate assurance of payment for future utility services, (b) approving the Debtor's proposed procedures for resolving requests for additional adequate assurance, and (c) prohibiting utility providers from altering, refusing, or discontinuing services on account of nonpayment for prepetition services; and (ii) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C.

---

[1] The Debtor and the last four digits of its taxpayer identification number are: Character Technologies, Inc. (8842). The Debtor's mailing address for purposes of the chapter 11 case is 700 El Camino Real, Suite 120, P.O. Box 1152, Menlo Park, CA 94025.

[2] Capitalized terms used in this Interim Order but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

§ 157(b); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis to the extent set forth below.

2. The final hearing on the Motion (the "Final Hearing") is set for ______________ __, 2026 at __:__ a.m./p.m. (prevailing Eastern Time). Any objections or responses to the entry of the proposed Final Order shall be filed on or before 4:00 p.m. (prevailing Eastern Time) on _______ ___, 2026 (the "Objection Deadline"), and shall be served on the following parties or their respective counsel on or before the Objection Deadline: (i) proposed counsel to the Debtor, Wilson Sonsini Goodrich & Rosati, P.C., 222 Delaware Avenue, Suite 800, Wilmington, DE 19801 (Attn: Erin R. Fay, Shane M. Reil, and Heather P. Lambert (emails: efay@wsgr.com, sreil@wsgr.com, and hlambert@wsgr.com)); (ii) the Office of the United States Trustee for the District of Delaware, 844 N. King Street, Room 2207, Wilmington, DE 19801 (Attn: Linda Casey (email: Linda.Casey@usdoj.gov)); and (iii) counsel to any statutory committee appointed in this chapter 11 case. If no objections or responses are filed and served by the Objection Deadline, the Court may enter the Final Order without further notice or hearing.

3. Until such time as this Court enters the Final Order on the Motion or the Court orders otherwise, all Utility Providers who have received notice of the Motion are prohibited from altering, refusing, or discontinuing services on account of any unpaid charges for prepetition services, the commencement of this chapter 11 case, or any perceived inadequacy of the Proposed Adequate Assurance.

4. The Debtor shall serve a copy of the Motion and this Interim Order on each Utility Provider listed on **Exhibit C** to the Motion within two (2) business days after the date this Interim Order is entered, and upon service, any such Utility Provider shall be bound by the Adequate Assurance Procedures.

5. The Debtor's service of the Motion upon the Utility Providers List shall not constitute an admission or concession that any such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserves all rights and defenses with respect thereto.

6. Subject to the terms of this Interim Order, the Debtor shall deposit funds in the Adequate Assurance Account in the amount set forth for each Utility Company in the column labeled "Proposed Adequate Assurance" on the Utility Services List attached as **Exhibit C** to the Motion within twenty (20) days of entry of this Interim Order.

7. To the extent the Debtor identifies new or additional Utility Providers or discontinues or terminates services from existing Utility Providers, the Debtor is authorized, but not directed, to add or remove such parties from the Utility Providers List; *provided, however*, that the Debtor shall provide notice of any such addition or removal to the Notice Parties. For any Utility Provider that is subsequently removed from the Utility Providers List, the Debtor is authorized, in its discretion and without further order of the Court, to reduce the Adequate

Assurance Deposit by an amount not exceeding, for each of the Utility Services being discontinued, the lesser of (i) one-half of the average monthly cost of Utility Services previously provided, calculated based on the aforementioned historical average to align with the go-forward average monthly cost of Utility Services, and (ii) the amount of the Adequate Assurance Deposit then attributable to the applicable Utility Provider; *provided* that for any Utility Provider for which the Adequate Assurance Deposit is reduced, the Debtor shall have (a) provided such Utility Provider with fourteen (14) days' notice of such reduction and (b) paid such Utility Provider in full and for any outstanding post-petition Utility Services. To the extent that there is any dispute as to the post-petition amounts owed to a Utility Provider, such Utility Provider shall not be removed from the Utility Providers List, and no funds shall be removed from the Adequate Assurance Deposit, until such dispute has been resolved. For any Utility Provider that is subsequently added to the Utility Providers List, the Debtor will serve such Utility Provider with a copy of this Interim Order, including the Adequate Assurance Procedures, and provide such Utility Provider fourteen (14) days' notice to object to the inclusion of such Utility Provider on the Utility Providers List. The terms of this Interim Order and the Adequate Assurance Procedures shall apply to any subsequently identified Utility Provider upon such Utility Provider's receipt of notice of this Motion and this Interim Order to the same extent as if the Utility Provider was listed on the original Utility Providers List attached to the Motion as **Exhibit C**.

8. The Debtor is directed to increase the Adequate Assurance Deposit by an amount equal to approximately one-half of the Debtor's monthly average cost of services from any subsequently added Utility Provider.

9. The following Adequate Assurance Procedures are hereby approved on an interim basis:

a. The Debtor will serve a copy of the Motion and this Interim Order granting the relief requested herein to each Utility Provider identified on **Exhibit C** to the Motion within two (2) business days after entry of this Interim Order.

b. Subject to paragraphs (b)-(i) herein, the Debtor will deposit the Adequate Assurance Deposit, in the aggregate amount of $8,610, in the Adequate Assurance Account within twenty (20) days of entry of the Interim Order.

c. Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on: (i) proposed counsel to the Debtor, Wilson Sonsini Goodrich & Rosati, P.C., 222 Delaware Avenue, Suite 800, Wilmington, DE 19801 (Attn: Erin R. Fay, Shane M. Reil, and Heather P. Lambert (emails: efay@wsgr.com, sreil@wsgr.com, and hlambert@wsgr.com)); and (ii) the Office of the United States Trustee for the District of Delaware, 844 N. King Street, Room 2207, Wilmington, DE 19801 (Attn: Linda Casey (email: Linda.Casey@usdoj.gov)) (collectively, the "Notice Parties"). The Debtor shall honor such request within five (5) business days after the date the request is received by the Debtor. The Debtor and any such requesting Utility Provider maintain the ability to resolve any dispute regarding such request without further order of the Court.

d. Any Additional Assurance Request must (i) be in writing; (ii) identify the location for which the Utility Services are provided; (iii) summarize the Debtor's payment history relevant to the affected account(s), including any security deposits; and (iv) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment. Any Additional Assurance Request that does not fully comply with the foregoing requirements of these Adequate Assurance Procedures shall be deemed invalid.

e. Upon the Debtor's receipt of any Additional Assurance Request, the Debtor shall promptly negotiate with such Utility Company to resolve such Utility Company's Additional Assurance Request.

f. The Debtor may, and without further order from the Court, resolve any Additional Assurance Request by mutual agreement with a Utility Company, and the Debtor may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtor believes that such adequate assurance is reasonable, subject to the terms of any collateral or other financing orders entered by the Court; provided, however, that the Debtor shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available to any official

committee appointed in this chapter 11 case, and the U.S. Trustee, in each case, upon request.

g. If a Utility Provider fails to file and serve an Additional Assurance Request in compliance with these Adequate Assurance Procedures, the Utility Provider shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtor on account of any unpaid charges for prepetition services, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

h. If the Debtor and the Utility Company are not able to reach an alternative resolution within 14 days of receipt of the Additional Assurance Request, the Debtor or the Utility Provider may request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Company (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code. Pending resolution of any such Determination Hearing, the Utility Company filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

i. Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtor on account of: (i) unpaid charges for prepetition services; (ii) a pending Additional Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

10. Nothing in this Interim Order authorizes the Debtor to accelerate any payments not otherwise due prior to the date of the Final Hearing.

11. Nothing in this Interim Order nor any actions taken hereunder: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor or its estate; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or its estate to contest the validity, priority, or amount of any claim against the Debtor or its estate; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or its estate with respect to any and all claims or causes of action against any third party; (iv) shall be construed as a promise to pay a

claim or continue any applicable program post-petition, which decision shall be in the discretion of the Debtor; or (v) shall create, or is intended to create, any rights in favor of, or enhance the status of any claim held by, any person. Any payment made pursuant to this Interim Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to subsequently dispute such claim.

12. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

15. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

16. This Court shall retain jurisdiction to hear and determine matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

# EXHIBIT B

## Final Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHARACTER TECHNOLOGIES, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11603 ([___])<br><br>**Ref. Docket Nos. __ & __** |

**FINAL ORDER (I)(A) APPROVING THE DEBTOR'S PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (B) APPROVING THE DEBTOR'S PROPOSED PROCEDURES FOR RESOLVING ADDITIONAL ASSURANCE REQUESTS, AND (C) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an interim order and this final order (this "Final Order") (i)(a) approving the Debtor's proposed adequate assurance of payment for future utility services, (b) approving the Debtor's proposed procedures for resolving requests for additional adequate assurance, and (c) prohibiting utility providers from altering, refusing, or discontinuing services on account of nonpayment for prepetition services; and (ii) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court

[1] The Debtor and the last four digits of its taxpayer identification number are: Character Technologies, Inc. (8842). The Debtor's mailing address for purposes of the chapter 11 case is 700 El Camino Real, Suite 120, P.O. Box 1152, Menlo Park, CA 94025.

[2] Capitalized terms used in this Final Order but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis to the extent set forth below.

2. All Utility Providers are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of this chapter 11 case, or any perceived inadequacy of the Proposed Adequate Assurance.

3. The Debtor shall serve a copy of the Motion and this Final Order on each Utility Provider listed on **Exhibit C** to the Motion within two (2) business days after the date this Final Order is entered, and upon service, any such Utility Provider shall be bound by the Adequate Assurance Procedures.

4. The Debtor's service of the Motion upon the Utility Providers List shall not constitute an admission or concession that any such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserves all rights and defenses with respect thereto.

5. Subject to the terms of this Final Order, the Debtor shall deposit funds in the Adequate Assurance Account in the amount set forth for each Utility Company in the column

labeled "Proposed Adequate Assurance" on the Utility Services List attached as **Exhibit C** to the Motion within twenty (20) days of entry of the Interim Order.

6. The Adequate Assurance Deposit, the prepetition deposits paid by the Debtor that are currently held by certain of the Utility Providers, and the Debtor's ability to pay for future Utility Services in the ordinary course of business subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

7. To the extent the Debtor identifies new or additional Utility Providers or discontinues or terminates services from existing Utility Providers, the Debtor is authorized to add or remove such parties from the Utility Providers List; *provided, however*, that the Debtor shall provide notice of any such addition or removal to the Notice Parties. For any Utility Provider that is subsequently removed from the Utility Providers List, the Debtor is authorized, in its discretion and without further order of the Court, to reduce the Adequate Assurance Deposit by an amount not exceeding, for each of the Utility Services being discontinued, the lesser of (i) one-half of the average monthly cost of Utility Services previously provided, calculated based on the aforementioned historical average to align with the go-forward average monthly cost of Utility Services and (ii) the amount of the Adequate Assurance Deposit then attributable to the applicable Utility Provider; *provided* that for any Utility Provider for which the Adequate Assurance Deposit is reduced, the Debtor shall have (a) provided such Utility Provider with fourteen (14) days' notice of such reduction and (b) paid such Utility Provider in full and for any outstanding post-petition Utility Services. To the extent that there is any dispute as to the post-petition amounts owed to a Utility Provider, such Utility Provider shall not be removed from the Utility Providers List, and no funds shall be removed from the Adequate Assurance Deposit, until such dispute has been

resolved. For any Utility Provider that is subsequently added to the Utility Providers List, the Debtor will serve such Utility Provider with a copy of the Final Order, including the Adequate Assurance Procedures, and provide such Utility Provider fourteen (14) days' notice to object to the inclusion of such Utility Provider on the Utility Providers List. The terms of the Final Order and the Adequate Assurance Procedures shall apply to any subsequently identified Utility Provider to the same extent as if the Utility Provider was listed on the original Utility Providers List attached to the Motion as **Exhibit C**.

8. The Debtor is authorized to increase the Adequate Assurance Deposit by an amount equal to approximately one-half of the Debtor's monthly average cost of services from any subsequently added Utility Provider, net of any prepetition deposits, letters of credit, or surety bonds already provided to the Utility Provider in the ordinary course of business. For any Utility Provider that is subsequently removed from the Utility Providers List, the Debtor is authorized to decrease the Adequate Assurance Deposit by an amount equal to approximately one-half of the Debtor's monthly average cost of services from such removed Utility Provider.

9. The following Adequate Assurance Procedures are hereby approved:

a. The Debtor will serve a copy of the Motion and this Final Order granting the relief requested herein to each Utility Provider identified on **Exhibit C** to the Motion within two (2) business days after entry of this Final Order by the Court.

b. Subject to paragraphs (b)-(i) herein, the Debtor will deposit the Adequate Assurance Deposit, in the aggregate amount of $8,610, in the Adequate Assurance Account within twenty (20) days of entry of the Interim Order.

c. Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on: (i) proposed counsel to the Debtor, Wilson Sonsini Goodrich & Rosati, P.C., 222 Delaware Avenue, Suite 800, Wilmington, DE 19801 (Attn: Erin R. Fay, Shane M. Reil, and Heather P. Lambert (emails: efay@wsgr.com, sreil@wsgr.com, and hlambert@wsgr.com)); and (ii) the Office of the United States Trustee for the District of Delaware, 844 N. King Street, Room 2207, Wilmington,

DE 19801 (Attn: Linda Casey (email: Linda.Casey@usdoj.gov)) (collectively, the "Notice Parties"). The Debtor shall honor such request within five (5) business days after the date the request is received by the Debtor. The Debtor and any such requesting Utility Provider maintain the ability to resolve any dispute regarding such request without further order of the Court.

d. Any Additional Assurance Request must (i) be in writing; (ii) identify the location for which the Utility Services are provided; (iii) summarize the Debtor's payment history relevant to the affected account(s); including any security deposits; and (iv) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment. Any Additional Assurance Request that does not fully comply with the foregoing requirements of these Adequate Assurance Procedures shall be deemed invalid.

e. Upon the Debtor's receipt of any Additional Assurance Request, the Debtor shall promptly negotiate with such Utility Company to resolve such Utility Company's Additional Assurance Request.

f. The Debtor may, and without further order from the Court, resolve any Additional Assurance Request by mutual agreement with a Utility Company, and the Debtor may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtor believes that such adequate assurance is reasonable, subject to the terms of any collateral or other financing orders entered by the Court; provided, however, that the Debtor shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available to any official committee appointed in this chapter 11 case, and the U.S. Trustee, in each case, upon request.

g. If a Utility Provider fails to file and serve an Additional Assurance Request in compliance with these Adequate Assurance Procedures, the Utility Provider shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtor on account of any unpaid charges for prepetition services, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

h. If the Debtor and the Utility Company are not able to reach an alternative resolution within 14 days of receipt of the Additional Assurance Request, the Debtor or the Utility Provider may request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Company (the "Determination Hearing") pursuant to

section 366(c)(3) of the Bankruptcy Code. Pending resolution of any such Determination Hearing, the Utility Company filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

i. Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtor on account of: (i) unpaid charges for prepetition services; (ii) a pending Additional Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

10. Nothing in this Final Order nor any actions taken hereunder: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor or its estate; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or its estate to contest the validity, priority, or amount of any claim against the Debtor or its estate; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or its estate with respect to any and all claims or causes of action against any third party; (iv) shall be construed as a promise to pay a claim or continue any applicable program post-petition, which decision shall be in the discretion of the Debtor; or (v) shall create, or is intended to create, any rights in favor of, or enhance the status of any claim held by, any person. Any payment made pursuant to this Final Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtor's right to subsequently dispute such claim.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

13. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**EXHIBIT C**

**Utility Providers List**

| Name of Provider | Type of Utility | Account # | Proposed Adequate Assurance |
|---|---|---|---|
| AT&T | Internet | 831-001-5473-710 | $145 |
| Comcast | Internet | 8155200311516120 | $235 |
| Pacific Gas & Electric | Electricity | 6321004572-8 | $8,230 |
| **Total** | | | **$8,610** |