**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHARACTER TECHNOLOGIES, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11603 ([___]) |

**DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTOR TO PAY CERTAIN PREPETITION TAXES AND FEES; (II) AUTHORIZING THE BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (III) GRANTING RELATED RELIEF**

The debtor and debtor in possession in the above-captioned case (the "Debtor") hereby submits this motion (this "Motion") for entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** (the "Interim Order") and **Exhibit B** (the "Final Order" and, together with the Interim Order, the "Proposed Orders"): (i) authorizing the Debtor to (a) remit and pay certain Taxes and Fees (each as defined below) accrued prior to the Petition Date (as defined below) that will become payable during the pendency of this chapter 11 case, including any penalties and interest thereon, to the Authorities and (b) on a final basis, remit and pay any Audit Amounts that may become payable in the ordinary course of business; (ii) authorizing the Debtor's banks and other financial institutions (collectively, the "Banks") to honor and process check and electronic transfer requests related to the foregoing; and (iii) granting related relief. In support hereof, the Debtor relies on the *Declaration of Colin M. Adams in Support of the Debtor's Chapter 11 Petition*

[1] The Debtor and the last four digits of its taxpayer identification number are: Character Technologies, Inc. (8842). The Debtor's mailing address for purposes of the chapter 11 case is 700 El Camino Real, Suite 120, P.O. Box 1152, Menlo Park, CA 94025.

*and First Day Motions* (the "First Day Declaration")[2] filed concurrently herewith, and further represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. Pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtor confirms its consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this chapter 11 case and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 363(b), 507(a), and 541 of title 11 of the United States Code, as amended (the "Bankruptcy Code"), rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1(m).

## RELIEF REQUESTED

4. The Debtor hereby requests entry of the Proposed Orders: (i) authorizing the Debtor to (a) remit and pay certain Taxes and Fees (as defined herein) accrued prior to the Petition Date that will become payable during the pendency of this chapter 11 case, including any penalties and interest thereon to various Authorities and (b) on a final basis, remit and pay any Audit Amounts (as defined herein) that may become payable in the ordinary course of business; (ii) authorizing

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

the Banks to honor and process check and electronic transfer requests related thereto; and (iii) granting related relief.

5. The Debtor requests authority to pay all prepetition Taxes and Fees owed to the Authorities in the ordinary course of business. The Debtor estimates that the total amount of prepetition Taxes and Fees owing to the Authorities will not exceed approximately $225,000 in the aggregate. Of that amount, $185,000 will come due before the entry of the Final Order. The Debtor believes that payment of the Taxes and Fees, including any prepetition amounts, is necessary to avoid immediate and irreparable harm to the Debtor's estate and should be approved pursuant to the Interim and Final Orders. To the best of the Debtor's knowledge, the Taxes and Fees generally consist of current tax and fee obligations and are not in respect of catchup payments, other than any prepetition payments that were interrupted by the commencement of this chapter 11 case.

## BACKGROUND

6. On October 12, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this chapter 11 case, and no official committee of unsecured creditors has been appointed.

7. The Debtor is a first in kind artificial intelligence ("AI") entertainment platform that allows users to have immersive, multimodal experiences with fictional or imagined characters. What started as a platform to have one-on-one chats tailored to user preferences, has evolved to become a category leader in entertainment AI. Today, the Character.AI platform generates stunning visuals that become part of a story, creates dynamic video content with AI characters, and actively augments videos and stories with rich audio experiences to enhance immersion. In

its 4-year lifespan as an active platform, Character has amassed a large and engaged user base. The burgeoning and evolving field of AI entertainment, however, has proven to be costly to develop and grow. These high costs, coupled with potential litigation related liabilities and regulatory engagement have contributed to the Debtor's inability to generate sufficient cash flows to support its business in the present form. The Debtor has commenced this case to engage in value-maximizing transactions for the benefit of its stakeholders.

8. Additional factual background regarding the Debtor, including its business operations, its corporate and capital structure, and the events leading to the filing of this chapter 11 case, is set forth in detail in the First Day Declaration, filed concurrently herewith and incorporated herein by reference.

## THE DEBTOR'S TAX AND FEE OBLIGATIONS[3]

9. In the ordinary course of its business, the Debtor incurs or collects and remits a variety of taxes, assessments, fees, duties, service fees, and other charges (collectively, the "Taxes and Fees") to various federal, state local, and foreign taxing, licensing, and regulatory authorities (collectively, the "Authorities"). The Taxes and Fees that the Debtor is typically subject to generally fall into the following two categories, each of which is described in further detail below: (a) Sales and Use Taxes and (b) Income and Franchise Taxes.

10. The Taxes and Fees and are paid monthly, quarterly, or annually to the respective Authorities, depending on the specific type of Tax and Fee and the Authority to which they are paid. Generally, the Debtor pays or remits Taxes and Fees to the various Authorities directly

[3] The Debtor does not seek authority to collect and remit state and federal employee-related withholding taxes by this Motion. That relief is requested in *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing Debtor to (A) Pay Prepetition Wages, Employee Benefits Obligations, and Other Compensation, and (B) Continue Employee Benefits Programs and Pay Related Administrative Obligations; and (II) Granting Related Relief*, filed concurrently herewith.

through checks or electronic transfers processed through the Banks; however, with respect to certain Sales and Use Taxes, the Debtor remits funds to Numeral Two, Inc. (the "Tax Processor") who, in turn remits such taxes to the applicable Authorities on behalf of the Debtor.

11. The Debtor estimates that it has approximately $230,000 in accrued and unpaid prepetition Taxes and Fees, inclusive of fees owed to the Tax Processor. The prepetition Taxes and Fees that the Debtor expects will become payable during the pendency of this chapter 11 case are summarized as follows:

| Category | Description | Interim | Final |
|---|---|---|---|
| Sales and Use Taxes | Taxes on goods and services sold or used, assessed based on the value of such goods and services. | $175,000 | $175,000 |
| Income and Franchise Taxes | Federal, state, and local taxes imposed on the Debtor's income and state taxes imposed for the privilege of the Debtor operating its business pursuant to state laws. | $10,000 | $50,000 |
| Tax Processor Fees | Fees related to the Debtor's utilization of the Tax Processor in the ordinary course of business, including calculating and facilitating payment of Taxes and Fees. | $5,000 | $5,000 |
| **Total:** | | **$190,000** | **$230,000** |

## A. SALES AND USE TAXES

12. The Debtor incurs, collects, and remits sales and use taxes to the Authorities in connection with the sale and purchase of goods and services (collectively, the "Sales and Use Taxes"). Sales and Use Taxes are general consumption taxes that the Debtor incurs either when purchasing goods and services from vendors or when selling goods and services to customers.

Sales taxes for customers purchasing subscriptions are generally charged to the purchaser and collected by the Debtor, through either the online platform or the application stores for application purchases. Sales and Use Taxes are usually set by the relevant Authorities as a percentage of the retail prices of goods and services purchased. In some jurisdictions, the Debtor remits to relevant Authorities estimated amounts with respect to Sales and Use Taxes, resulting in tax credits or overpayments that may be refunded to the Debtor in certain circumstances.

13. The Debtor believes that $175,000 is owing in respect of Sales and Use Taxes as of the Petition Date and $175,000 to become due during the interim period. The Debtor requests authority to pay up to $175,000 subject to entry of the Final Order in respect of Sales and Use Taxes which may become due in the ordinary course of business prior to the conclusion of this chapter 11 case.

**B. INCOME AND FRANCHISE TAXES**

14. In the course of operating its business, the Debtor also pays various other taxes, which primarily consist of federal, state, and local income and franchise taxes, as applicable (collectively, the "Income and Franchise Taxes"). The Debtor generally remits Income and Franchise Taxes directly to the relevant Authorities in accordance with the statutory requirements of each applicable jurisdiction. In some jurisdictions, the Debtor may remit to the relevant Authorities estimated amounts with respect to the Income and Franchise Taxes, resulting in tax credits or overpayments, that may be refunded to the Debtor in certain circumstances.[4]

15. To date in 2026, the Debtor has paid approximately $162,000 in Income and Franchise Taxes on a year-to-date basis in 2026. The Debtor believes that $50,000 are owing in

[4] The Debtor anticipates that it may receive one such refund on account of Income and Franchise Taxes from the State of California in the amount of approximately $553,473.25.

respect of Income and Franchise Taxes as of the Petition Date and $10,000 will become due during the interim period. The Debtor requests authority to pay up to $50,000 subject to entry of the Final Order in respect of Income and Franchise Taxes which may become due in the ordinary course of business prior to the conclusion of this chapter 11 case.

## C. TAX PROCESSOR FEES

16. The Tax Processor's system is fully integrated with the Debtor's platform (which collects payments through a vendor of the Debtor) such that it picks up information in real-time as the Debtor makes a sale on its platform. When a transaction occurs such that the Debtor will owe Sales and Use Taxes in a given jurisdiction, the Tax Processor will automatically register the Debtor with the relevant Authority.[5] The Tax Processor then collects and remits the appropriate amount of such Sales and Use Taxes to the applicable Authority. The Debtor pays the Tax Processor $50 per filing within jurisdictions in the United States, and $85 per registration and filing in foreign jurisdictions. There is no registration fee for jurisdictions within the United States.

17. As of the Petition Date, the Debtor estimates that it owes the Tax Processor approximately $5,000 on account of its services as the Debtor's tax processor. The Debtor estimates that $5,000 in fees owed to the Tax Processor will become due during the interim period, and requests authority to pay up to $5,000 in fees owed to the Tax Processor upon entry of the Final Order.

## D. FEDERAL AND STATE AUDITS

18. The Debtor is currently subject to two ongoing audit investigations and may be subject to additional investigations on account of tax returns or obligations in prior years

[5] Certain of the Authorities do not allow Tax Processor services. In those jurisdictions, the Debtor is required to collect and remit Sales and Use Taxes manually.

(collectively, the "Audits"). The Audits may result in additional prepetition Taxes and Fees being assessed against the Debtor (such amounts, the "Audit Amounts"). As of the Petition Date, the Debtor does not believe any amounts are owed on account of Audits and does not believe it will need to pay any Audit Amounts. Nevertheless, out of an abundance of caution, the Debtor seeks authority to pay Audit Amounts, on a final basis, as they may arise in the ordinary course of business upon final agreement to, or determination of, any applicable Audit Amounts.

## BASIS FOR RELIEF

### I. CERTAIN OF THE TAXES AND FEES MAY NOT BE PROPERTY OF THE DEBTOR'S ESTATE

19. Certain of the Taxes may constitute so-called "trust fund" obligations that are required to be collected from third parties and held in trust for payment to the taxing and regulatory authorities. *See*, *e.g.*, I.R.C. § 7501 (stating that certain taxes and fees are held in trust); 11 U.S.C. 541(d); *Off. Comm. of Unsecured Creditors of the Columbia Gas Transmission Corp. v. Columbia Gas Sys. Inc. (In re Columbia Gas Sys. Inc.)*, 997 F.2d 1039, 1051 (3d Cir. 1993) (refunds required to be collected by federal law created trust fund that was not property of debtor's estate); *Shank v. Wash. State Dep't of Revenue (In re Shank*), 792 F.2d 829, 830 (9th Cir. 1986) (same); *DeChiaro v. N.Y. State Tax Comm'n*, 760 F.2d 432, 435-36 (2d Cir. 1985) (same). To the extent these "trust fund" taxes are collected, they are not property of the Debtor's estate under section 541(d) of the Bankruptcy Code. *See Begier v. IRS*, 496 U.S. 53, 57-60 (1990) (holding that any prepetition payment of trust fund taxes is not an avoidable preference because the funds are not the debtor's property); *In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 104-05 (Bankr. E.D. Pa. 1987). Because the Debtor may not have an equitable interest in funds held on

account of any such "trust fund" taxes, the Debtor should be permitted to pay those funds to the Authorities as they become due.[6]

## II. CERTAIN OF THE TAXES AND FEES MAY BE PRIORITY CLAIMS ENTITLED TO SPECIAL TREATMENT UNDER THE BANKRUPTCY CODE

20. Claims for certain Taxes and Fees are or may be priority claims entitled to payment before general unsecured claims. *See* 11 U.S.C. § 507(a)(8) (describing taxes entitled to priority treatment). Moreover, to the extent that such amounts are entitled to priority treatment under the Bankruptcy Code, the respective Authorities may attempt to assess interest and penalties if such amounts are not paid. *See* 11 U.S.C. § 507(a)(8)(G) (granting priority status to "a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss"). Additionally, claims entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code must be paid in full under a confirmable plan pursuant to section 1129(a)(9)(C) of the Bankruptcy Code.

21. Consequently, payment of such Taxes and Fees will give the applicable Authorities no more than that to which they otherwise would be entitled under a chapter 11 plan and only affect the timing of payment for the amounts at issue. Payment of the Taxes and Fees to the applicable Authorities now will not unduly prejudice the rights and recoveries of junior creditors, while saving the Debtor potential interest expense, legal expense, and penalties that otherwise may accrue on, or be incurred in connection with, such Taxes and Fees.

## III. PAYMENT OF THE TAXES AND FEES AS PROVIDED HEREIN IS A SOUND EXERCISE OF THE DEBTOR'S BUSINESS JUDGMENT

22. Courts have recognized that it is appropriate to authorize the payment of prepetition obligations where necessary to protect and preserve the estate, including an operating business's

[6] Notwithstanding the foregoing, for the avoidance of doubt, the Debtor hereby requests authority to pay the Taxes and Fees as provided herein regardless of whether such Taxes and Fees constitute trust fund obligations.

going-concern value. *See, e.g., In re Just for Feet, Inc.*, 242 B.R. 821, 825-26 (D. Del. 1999); *see also In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175-76 (Bankr. S.D.N.Y. 1989); *Armstrong World Indus., Inc. v. James A. Phillips, Inc. (In re James A. Phillips, Inc.)*, 29 B.R. 391, 398 (S.D.N.Y. 1983). In so doing, these courts acknowledge that several legal theories rooted in sections 105(a) and 363(b) of the Bankruptcy Code support the payment of prepetition claims.

23. Section 363(b) of the Bankruptcy Code permits a bankruptcy court, after notice and a hearing, to authorize a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). "In determining whether to authorize the use, sale or lease of property of the estate under this section, courts require the debtor to show that a sound business purpose justifies such actions." *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) (collecting cases); *see also Armstrong World*, 29 B.R. at 397 (relying on section 363 to allow contractor to pay prepetition claims of suppliers who were potential lien claimants because the payments were necessary for general contractors to release funds owed to debtors).

24. Courts also authorize payment of prepetition claims in appropriate circumstances based on section 105(a) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code codifies a bankruptcy court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under section 105(a), courts may authorize pre-plan payments of prepetition obligations when essential to the continued operation of a debtor's businesses. *See Just for Feet*, 242 B.R. at 825-26. Specifically, a court may use its power under section 105(a) of the Bankruptcy Code to authorize payment of prepetition obligations pursuant to the "necessity of payment" rule (also referred to as the "doctrine of necessity"). *See, e.g., Ionosphere Club*s, 98 B.R. at 176 (noting that the necessity

of payment rule recognizes the judicial power to authorize a debtor to pay prepetition claims where such payment would be essential to the continued operation of the debtor's business); *In re Lehigh & New England Ry Co.*, 657 F.2d 570 (3d Cir. 1981) (stating that courts may authorize payment of prepetition claims when there "is the possibility that the creditor will employ an immediate economic sanction, failing such payment"); *see also In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191-92 (Bankr. D. Del. 1994) (noting that, in the Third Circuit, debtors may pay prepetition claims that are essential to the continued operation of the business). A bankruptcy court's use of its equitable powers to "authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *Ionosphere Clubs*, 98 B.R. at 175-76 (citing *Miltenberger v. Logansport, C. & S.W. Ry. Co.*, 106 U.S. 286 (1882)). Indeed, at least one court has recognized that there are instances when a debtor's fiduciary duty can "only be fulfilled by the preplan satisfaction of a prepetition claim." *In re CoServ*, 273 B.R. at 497.

25. These standards are satisfied here. The Debtor's ability to pay the Taxes and Fees is critical to its continued and uninterrupted operations during the pendency of this chapter 11 case. If certain Taxes and Fees remain unpaid, the Authorities may seek to recover such amounts directly from the Debtor's directors, officers, or employees, thereby distracting such key personnel from the administration of this chapter 11 case. *See, e.g.*, *Schmehl v. Helton*, 662 S.E.2d 697, 707 (W. Va. 2008) (noting that corporate officers may be held responsible for payment of certain corporate taxes). Any collection action on account of such claims, and any potential ensuing liability, would distract the Debtor and its personnel to the detriment of all parties in interest. Additionally, in the event of nonpayment of the Taxes and Fees described herein, Authorities may attempt to suspend the Debtor's operations, file liens, seek to lift the automatic stay, and pursue other remedies that would harm the estates.

26. Furthermore, the Debtor's failure to pay the Taxes and Fees may ultimately result in increased tax liability for the Debtor if interest and penalties accrue on the Taxes and Fees, which amounts also may be entitled to priority treatment. Such a result may ultimately increase the amount of priority claims held by the Authorities against the Debtor's estate to the detriment of all of the Debtor's stakeholders. Accordingly, the Court should grant the Debtor authority to pay the prepetition Taxes and Fees as provided herein.

**IMMEDIATE AND UNSTAYED RELIEF IS NECESSARY**

27. The Court may grant the relief requested in this Motion immediately if the "relief is necessary to avoid immediate and irreparable harm." Bankruptcy Rule 6003; *In re First NLC Fin. Servs., LLC*, 382 B.R. 547, 549 (Bankr. S.D. Fla. 2008). The Third Circuit has instructed that irreparable harm is that which "cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). The Debtor submits that, for the reasons set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate.

28. The Debtor also requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[u]nless the Court orders otherwise, an order authorizing the use, sale, or lease of property (other than cash collateral) is stayed for 14 days after the order is entered" Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtor requests in this Motion is necessary for the Debtor to operate without interruption and to preserve value for its estate. Accordingly, the Debtor respectfully requests that the Court waive the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## RESERVATION OF RIGHTS

29. Nothing in this Motion: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor or its estate; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or its estate to contest the validity, priority, or amount of any claim against the Debtor or its estate; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or its estate with respect to any and all claims or causes of action against any third party; or (d) shall be construed as a promise to pay a claim or continue any applicable program post-petition, which decision shall be in the discretion of the Debtor. Any payment made pursuant to an order of the Court granting the relief requested herein is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to subsequently dispute such claim.

## NOTICE

30. The Debtor will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the United States Attorney's Office for the District of Delaware; (c) the Internal Revenue Service; (d) the holders of the twenty (20) largest unsecured claims against the Debtor; (e) the Banks; (f) the Authorities; (g) the Tax Processor; (h) counsel to Disney; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor will serve copies of this Motion and any order entered in respect hereto as required by Local Rule 9013-1(m). The Debtor respectfully submits that, in light of the nature of the relief requested, no further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter the Interim Order and the Final Order, substantially in the forms annexed hereto as **Exhibit A** and **Exhibit B**, respectively, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: October 13, 2026
Wilmington, Delaware

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

*/s/ Erin R. Fay*

Erin R. Fay (No. 5268)
Shane M. Reil (No. 6195)
Heather P. Lambert (No. 6923)
222 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 304-7600
E-mails: efay@wsgr.com
sreil@wsgr.com
hlambert@wsgr.com

*Proposed Counsel to the Debtor and Debtor in Possession*

# EXHIBIT A

## Interim Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHARACTER TECHNOLOGIES, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11603 ([___])<br><br>**Ref. Docket No. ___** |

**INTERIM ORDER (I) AUTHORIZING DEBTOR TO PAY CERTAIN PREPETITION TAXES AND FEES; (II) AUTHORIZING THE BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtor for entry of this interim order (this "Interim Order") and a final order (the "Final Order") (i) authorizing, but not directing, the Debtor, in its discretion, to (a) remit and pay certain Taxes and Fees accrued prior to the Petition Date that will become payable during the pendency of this chapter 11 case, including any penalties and interest thereon, to the Authorities and (b) remit and pay any Audit Amounts that may become payable in the ordinary course of business; (ii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and (iii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this case and this proceeding is

---

[1] The Debtor and the last four digits of its taxpayer identification number are: Character Technologies, Inc. (8842). The Debtor's mailing address for purposes of the chapter 11 case is 700 El Camino Real, Suite 120, P.O. Box 1152, Menlo Park, CA 94025.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The final hearing on the Motion (the "Final Hearing") is set for ______________ __, 2026 at __:__ a.m./p.m. (prevailing Eastern Time). Any objections or responses to the entry of the proposed Final Order shall be filed on or before 4:00 p.m. (prevailing Eastern Time) on _______ ___, 2026 (the "Objection Deadline"), and shall be served on the following parties or their respective counsel on or before the Objection Deadline: (a) proposed counsel to the Debtor, Wilson Sonsini Goodrich & Rosati, P.C., 222 Delaware Avenue, Suite 800, Wilmington, DE 19801 (Attn: Erin R. Fay, Shane M. Reil, and Heather P. Lambert (emails: efay@wsgr.com, sreil@wsgr.com, and hlambert@wsgr.com)); (b) the United States Trustee for the District of Delaware, 844 N. King Street, Room 2207, Wilmington, DE 19801 (Attn: Linda Casey (email: Linda.Casey@usdoj.gov)); and (c) counsel for any statutory committee appointed in this chapter 11 case. If no objections or responses are filed and served by the Objection Deadline, the Court may enter the Final Order without further notice or hearing.

3. The Debtor is authorized, but not required to, in its discretion, remit and pay the Taxes and Fees and Tax Processor; *provided*, that payments for amounts that arose before the Petition Date shall not exceed $190,000 on an interim basis, absent further order of the Court.

4. Nothing in this Interim Order nor any actions taken hereunder: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor or its estate; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or its estate to contest the validity, priority, or amount of any claim against the Debtor or its estate; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or its estate with respect to any and all claims or causes of action against any third party; (d) shall be construed as a promise to pay a claim or continue any applicable program post-petition, which decision shall be in the discretion of the Debtor; or (e) shall create, or is intended to create, any rights in favor of, or enhance the status of any claim held by, any person. Any payment made pursuant to this Interim Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to subsequently dispute such claim.

5. The Debtor is authorized, but not directed, to issue postpetition checks, or to effectuate postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this chapter 11 case with respect to prepetition amounts owed in connection with the Taxes and Fees that are approved herein.

6. The requirements of Bankruptcy Rule 6003 are satisfied.

7. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof.

8. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

9. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

# EXHIBIT B

## Final Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHARACTER TECHNOLOGIES, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11603 ([___])<br><br>**Ref. Docket Nos. __ & __** |

**FINAL ORDER (I) AUTHORIZING DEBTOR TO PAY CERTAIN PREPETITION TAXES AND FEES; (II) AUTHORIZING THE BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtor for entry of an interim order and this final order (the "Final Order") (i) authorizing, but not directing, the Debtor, in its discretion, to (a) remit and pay certain Taxes and Fees accrued prior to the Petition Date that will become payable during the pendency of this chapter 11 case, including any penalties and interest thereon, to the Authorities and (b) remit and pay any Audit Amounts that may become payable in the ordinary course of business; (ii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and (iii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this case and this proceeding is proper in this district pursuant to

---

[1] The Debtor and the last four digits of its taxpayer identification number are: Character Technologies, Inc. (8842). The Debtor's mailing address for purposes of the chapter 11 case is 700 El Camino Real, Suite 120, P.O. Box 1152, Menlo Park, CA 94025.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtor is authorized, but not required, to, in its discretion, remit and pay the Taxes and Fees and Tax Processor; *provided*, that payments for amounts that arose before the Petition Date shall not exceed $230,000 on a final basis, absent further order of the Court.

3. On a final basis, not subject to any cap, the Debtor is authorized to pay prepetition Audit Amounts.

4. Nothing in this Final Order nor any actions taken hereunder: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor or its estate; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or its estate to contest the validity, priority, or amount of any claim against the Debtor or its estate; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or its estate with respect to any and all claims or causes of action against any third party; (d) shall be construed as a promise to pay a claim or continue any applicable program post-petition, which decision shall be in the discretion of the Debtor; or (e) shall create, or is intended to create, any rights in favor of, or enhance the status of any claim

held by, any person. Any payment made pursuant to this Final Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to subsequently dispute such claim.

5. The Debtor is authorized, but not directed, to issue postpetition checks, or to effectuate postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this chapter 11 case with respect to prepetition amounts owed in connection with the Taxes and Fees that are approved herein.

6. Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be effective and enforceable immediately upon entry hereof.

7. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

8. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.