**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CHARACTER TECHNOLOGIES, INC.,[1] | Case No. 26-11603 (BLS) |
| Debtor. | **Ref. Docket No. 15** |

**DEBTOR'S MOTION FOR AN ORDER SHORTENING TIME FOR NOTICE OF THE HEARING TO CONSIDER DEBTOR'S MOTION PURSUANT TO SECTIONS 105, 363 AND 365 OF THE BANKRUPTCY CODE FOR ENTRY OF (I) AN ORDER (A) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS, (B) SCHEDULING CERTAIN DATES AND DEADLINES WITH RESPECT THERETO, (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (D) APPROVING THE DESIGNATION OF DISNEY WORLDWIDE SERVICES, INC. AS STALKING HORSE PURCHASER WITH RESPECT TO THE DISNEY TARGET ASSETS, (E) AUTHORIZING THE DEBTOR TO DESIGNATE ADDITIONAL STALKING HORSE PURCHASERS FOR THE ASSETS, (F) ESTABLISHING NOTICE AND PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES; AND (II) AN ORDER (A) AUTHORIZING AND APPROVING THE SALE OF ASSETS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (C) GRANTING RELATED RELIEF**

The debtor and debtor in possession (the "Debtor") in the above captioned case, having filed the *Debtor's Motion Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code for Entry of (I) an Order (A) Approving Bidding Procedures and Bid Protections, (B) Scheduling Certain Dates and Deadlines with Respect Thereto, (C) Approving the Form and Manner of Notice Thereof, (D) Approving the Designation of Disney Worldwide Services, Inc. as Stalking Horse Purchaser with Respect to the Disney Target Assets, (E) Authorizing the Debtor to Designate Additional Stalking Horse Purchasers for the Assets, (F) Establishing Notice and Procedures for*

---

[1] The Debtor and the last four digits of its taxpayer identification number are: Character Technologies, Inc. (8842). The Debtor's mailing address for purposes of the chapter 11 case is 700 El Camino Real, Suite 120, P.O. Box 1152, Menlo Park, CA 94025.

*the Assumption and Assignment of Contracts and Leases; and (II) an Order (A) Authorizing and Approving the Sale of Assets (B) Approving the Assumption and Assignment of the Assumed Executory Contracts and Unexpired Leases and (C) Granting Related Relief* [Docket No. 15] (the "Bidding Procedures Motion"),[2] hereby submits this motion (the "Motion to Shorten") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 6004-1(c) and 9006-1(e) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) shortening the time for notice of the hearing to consider approval of the Bidding Procedures Motion (solely as it pertains to approval of the Bidding Procedures), so that the same may be considered on **October 26, 2026, or at the earliest convenience of the Court thereafter** (the "Hearing"); and (ii) setting a deadline of **October 23, 2026 at 4:00 p.m. (ET)** for objections or responses (the "Proposed Objection Deadline") to the Bidding Procedures Motion (solely as it pertains to approval of the Bidding Procedures). In support hereof, the Debtor relies on the *Declaration of Colin M. Adams in Support of the Debtor's Chapter 11 Petition and First Day Motions* (the "First Day Declaration") and the *Declaration of Adam Dunayer in Support of the Debtor's Bidding Procedures Motion* (the "Dunayer Declaration"), both filed substantially contemporaneously herewith, and further represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. Pursuant to Local Rule 9013-1(f), the Debtor confirms

[2] Capitalized terms used but not otherwise defined shall have the meanings ascribed to such terms in the Bidding Procedures Motion.

its consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this chapter 11 case and this Motion to Shorten is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Rule 9006(c) and Local Rules 6004-1(c) and 9006-1(e).

## RELIEF REQUESTED

4. The Debtor respectfully requests entry of the Proposed Order (i) shortening the time for notice of the hearing to consider approval of the Bidding Procedures Motion (solely as it pertains to approval of the Bidding Procedures), so that the same may be considered on **October 26, 2026, or at the earliest convenience of the Court thereafter**; and (ii) setting a deadline of **October 23, 2026 at 4:00 p.m. (ET)** for objections or responses to the Bidding Procedures Motion (solely as it pertains to approval of the Bidding Procedures).

## BACKGROUND

5. On October 12, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this chapter 11 case, and no official committee of unsecured creditors has been appointed in this chapter 11 case.

6. The Debtor is a first in kind artificial intelligence ("AI") entertainment platform that allows users to have immersive, multimodal experiences with fictional or imagined characters. What started as a platform to have one-on-one chats tailored to user preferences, has evolved to

become a category leader in entertainment AI. Today, the Character.AI platform generates stunning visuals that become part of a story, creates dynamic video content with AI characters, and actively augments videos and stories with rich audio experiences to enhance immersion. In its 4-year lifespan as an active platform, Character has amassed a large and engaged user base. The burgeoning and evolving field of AI entertainment, however, has proven to be costly to develop and grow. These high costs, coupled with potential litigation related liabilities and regulatory engagement have contributed to the Debtor's inability to generate sufficient cash flows to support its business in the present form. The Debtor has commenced this case to engage in value-maximizing transactions for the benefit of its stakeholders.

7. Additional factual background regarding the Debtor, including its business operations, its corporate and capital structure, and the events leading to the filing of this chapter 11 case, is set forth in detail in the First Day Declaration and the Dunayer Declaration and incorporated herein by reference.

## THE NEED TO SHORTEN NOTICE

8. As discussed in the Bidding Procedures Motion, the Dunayer Declaration, and the First Day Declaration, the Debtor commenced this case to pursue one or more value-maximizing sales, licenses, or dispositions (the "Sale") of all or substantially all of its assets (collectively, the "Assets").

9. In furtherance of the Debtor's ongoing efforts to actively market the Assets for sale, and consistent with the milestones and the Stalking Horse Transaction Agreement, the Debtor has filed the Bidding Procedures Motion seeking authority to proceed with a bidding and auction process to consummate a sale that the Debtor expects will generate maximum value for its Assets. Among other things, these procedures, in the Debtor's business judgment, create an appropriate

timeline for the Sale Process, consistent with the Stalking Horse Transaction Agreement milestones.

10. The Debtor's cash on hand provides sufficient runway to market its Assets. However, given the exigencies of the Debtor's financial condition and its monthly burn rate, a timely sale of the Assets, including the Assets subject to the Stalking Horse Transaction Agreement, in accordance with the Milestones, is essential to ensuring that the costs of the chapter 11 case and the Debtor's continued operation in bankruptcy do not deplete the Debtor's estate to the detriment of creditors. To that end, the Debtor intends to proceed with a robust Court-supervised Sale Process that will expand and build upon the marketing efforts of Houlihan, commenced contemporaneously with the filing of this chapter 11 case. The Debtor also believes that marketing the Assets postpetition pursuant to a section 363 sale under the Bankruptcy Code provides the best path forward to consummating a value-maximizing transaction, particularly in light of the Debtor's ability to sell the Assets free and clear of liabilities.

11. Maximizing the value of the Debtor's estate for the benefit of its stakeholders will depend in large part on the Debtor expeditiously proceeding through this chapter 11 case in a manner that is both efficient and minimizes administrative expenses. Moreover, this is not a situation where there is a lender forcing a quick timeline or available at all to extend the timeline. The Debtor does not currently have a debtor-in-possession financing option to extend the Sale Process and the milestones included in the Stalking Horse Transaction Agreement require that an efficient Sale Process be conducted or Disney may exercise its termination right, which would leave the Debtor without a stalking horse purchaser to establish a floor for continued bidding on the Assets. Therefore, although the Debtor believes that the proposed Sale Process is sufficient to generate the best value for the Assets, the Debtor is operating on a tight budget and within

contractual limitations that will only permit the Sale Process to be conducted for a limited period of time. In short, time is of the essence.

12. Accordingly, the Debtor hereby requests an expedited hearing on approval of the Bidding Procedures, so as to best position itself to complete a value-maximizing Sale Process for the benefit of its estate and stakeholders.

**BASIS FOR RELIEF**

13. Local Rule 6004-1(c) requires that a sale procedures motion seeking approval of bidding and auction procedures be filed and served at least twenty-one (21) days prior to a hearing on the same. *See* Del. Bankr. L.R. 6004-1(c). Local Rule 9006-1(c)(ii) further provides that objections, if any, to such a motion shall be no later than seven (7) days before the hearing date. *See* Del. Bankr. L.R. 9006-1(c)(i), (ii).

14. However, pursuant to Local Rule 6004-1(c), such period may be shortened by order of the Court upon written motion specifying the exigencies supporting shortened notice. *See* Del. Bankr. L.R. 6004-1(c). Specifically, Local Rule 6004-1(c) provides, in pertinent part, that "[t]he Court will only schedule a hearing to consider approval of bidding and sale procedures in accordance with the notice procedures set forth in Local Rule 9006-1 on at least 21 days' notice, unless the requesting party files a motion to shorten notice, which may be heard at the first hearing in the case, or as otherwise ordered by the Court, and presents evidence at that hearing of compelling circumstances." Del. Bankr. L.R. 6004-1(c).[3] Additionally, Bankruptcy Rule 9006(c)

[3] The relief sought in this Motion to Shorten is not unprecedented. In fact, courts in this District have granted similar motions to shorten notice for bidding procedures in a number of cases. *See, e.g.*, *In re* Zen JV, LLC (Case No. 25-11195) (JKS) (Bankr. D. Del. Jun. 27, 2025) [Docket No. 54] (shortening notice of bidding procedures hearing to eleven days for motion filed two days after petition date) ; *In re Food52, Inc.*, Case No. 25-12277 (LSS) (Bankr. D. Del. Dec. 31, 2025) [Docket No. 30] (shortening notice of bidding procedures hearing to thirteen days for motion filed on the petition date); *In re Fast Radius, Inc.,* Case No. 22-11051 (JKS) (Bankr. D. Del. Nov. 9, 2022) [Docket No. 51] (shortening notice of bidding procedures hearing to six days for a motion filed on petition date); *In re Knotel, Inc.*, Case No. 21-10146 (MFW) (Bankr. D. Del. Feb. 3, 2021) [Docket No. 64]; *In re Rudy's Barbershop Holdings, LLC*, Case. No. 20-10746 (LSS) (Bankr. D. Del. April 7, 2020) [Docket No. 35];

states that "[w]hen a rule, notice given under a rule, or court order requires or allows an act to be done within a specified time, the court may–for cause and with or without a motion or notice–reduce the time." Fed. R. Bankr. P. 9006(c)(1).

15. For the reasons set forth below, the Debtor believes that a sale of its Assets on the expedited timeline it has proposed will maximize the value of its estate to the greatest extent possible under the circumstances and generate the highest possible recoveries in the most efficient and expeditious manner possible, to the benefit of the Debtor's creditors and other stakeholders.

16. First, an expedited hearing on the Bidding Procedures Motion is necessary to meet the milestones set forth in the Stalking Horse Transaction Agreement. *See* Stalking Horse Transaction Agreement § 16.1(c) (granting Disney a termination right if certain milestones are not achieved on dates specified). As discussed in further detail in the First Day Declaration, the Dunayer Declaration, and the Bidding Procedures Motion, the Debtor and Disney agreed to the milestones to preserve value and execute a successful Sale Process for the benefit of the Debtor's estate, creditors, and stakeholders. Failure to meet any of the milestones could jeopardize the Debtor's chapter 11 strategy. Moreover, if shortened notice is not granted, the delayed approval of the Debtor's postpetition Sale Process could push back other process deadlines, jeopardizing both Disney's continued willingness to serve as stalking horse purchaser with respect to the Assets included in the Stalking Horse Agreement and the Debtor's ability to obtain approval of and consummate a Sale on an achievable timeframe. Moreover, if shortened notice is not granted, the extension of the Sale Process timeline beyond the Debtor's projected liquidity runway could lead

---

*In re GCX Ltd.*, Case No. 19-12031 (CSS) (Bankr. D. Del. Sept. 17, 2019) [Docket No. 60]; *In re Fred's, Inc.*, Case No. 19-11984 (CSS) (Bankr. D. Del. Sept. 17, 2019) [Docket No. 114]; *NSC Wholesale Holdings LLC*, No. 18-12394 (KJC) (Bankr. D. Del. Oct. 26, 2018) [Docket No. 45].

to uncertainty in Potential Bidders regarding the Debtor's ability to close a sale, thereby chilling bidding.

17. Second, the Debtor believes that it is beneficial to maximize the number of days between entry of the Bidding Procedures Order and the hearing on approval of the Sale so that potential bidders will have sufficient time to formulate and submit a bid in accordance with the Court-approved Bidding Procedures. In other words, the sooner the bidding process is established by order of the Court, and thus made fully clear to all Potential Bidders, the better it will be for all parties, including the Debtor's estate, creditors, the Potential Bidders, and other stakeholders. Thus, the Debtor believes that the bidding process is more likely to maximize value if the Hearing is held as soon as possible.

18. Third, shortened notice of the Hearing is also appropriate given the Debtor's marketing efforts that are expected to commence on the Petition Date. Since its engagement, Houlihan has familiarized itself with the Debtor's Assets and the anticipated market for the same. Now that this chapter 11 case has been begun, Houlihan will commence marketing efforts for the Assets, including circulating a "teaser" and an NDA for various prospective buyers. Houlihan expects to reach out to Potential Bidders on the first day of this case. Moreover, relevant diligence information has been populated in the Data Room and Potential Bidders will obtain access to the Data Room upon execution of an NDA. Notwithstanding the shortened notice requested by this Motion to Shorten, the Debtor submits that the proposed timeline set forth herein is reasonable in light of the groundwork that has already been laid for the Sale Process and the immediate commencement of the same in tandem with this case.

19. Finally, no party in interest will be prejudiced if this Motion to Shorten is granted. Initially, the Bidding Procedures merely seek approval of the procedures that will govern the

marketing and sale of the Assets. To that end, interested parties will have ample opportunity to engage in the Sale Process and to raise objections, if any, at the appropriate time in accordance with the Bidding Procedures. This is particularly true in the current M&A and restructuring market where sophisticated parties and their advisors are familiar with the kinds of process and procedures outlined in the Bidding Procedures, and it is expected that Potential Bidders will be capable of working expeditiously within the parameters of such procedures. In this regard, the Bidding Procedures, including the Bid Protections, are designed to encourage parties interested in the applicable Assets to participate in a competitive, fair, and expedient Sale Process, and are typical and customary of procedures routinely approved by the courts in this district. *See, e.g.*, *In re iM3NY LLC*, No. 25-10131 (BLS) (Bankr. D. Del. Feb. 26, 2025) [Docket No. 111] (approving bidding procedures and bid protections including a break-up fee of 3% and an expense reimbursement of 1% for a non-insider stalking horse bidder); *In re True Value Co.*, No. 24-12337 (KBO) (Bankr. D. Del. Nov. 4, 2024) [Docket No. 297] (same); *In re SunPower Corp.*, No. 24-11649 (CTG) (Bankr. D. Del. Aug. 29, 2024) [Docket No. 290] (approving bidding procedures and bid protections including a break-up fee of 3% and an expense reimbursement of 1.25% for a non-insider stalking horse bidder).

20. As described above, the Debtor developed its proposed sale timeline in consultation with Houlihan and its other advisors, giving consideration to myriad factors, including its current liquidity profile, the anticipated administrative costs of this chapter 11 case, the Debtor's monthly cash burn, the time necessary for Potential Bidders to conduct due diligence on the Assets and prepare bids, and the time needed to obtain approval of and consummate a Sale. After considering the foregoing factors, the Debtor, in consultation with its professional advisors, determined that

the proposed sale timeline is reasonable and tailored to obtain the greatest value for the Assets under the circumstances.

21. To mitigate any potential prejudice resulting from the proposed shortened notice and objection periods, the Debtor will serve the Bidding Procedures Motion by email, where possible, and first class mail on the following parties as soon as practicable after filing the Motions (collectively, the "Service Parties"): (a) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); (b) the holders of the top twenty (20) unsecured claims against the Debtor; (c) counsel to Disney; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002.

22. The Debtor submits that the Proposed Objection Deadline and the expedited service of the Bidding Procedures Motion are sufficient to ensure that all interested parties will have adequate notice of the relief requested and an adequate opportunity to respond thereto. Furthermore, the Debtor will serve any order approving this Motion to Shorten on the Service Parties within one (1) business day of its entry.

23. The Debtor is also prepared to work with any statutory committee that may be appointed in this chapter 11 case on issues pertaining to the Bidding Procedures and with regards to the Debtor's need for expediency in the conduct of the Sale Process.

24. For these reasons, the Debtor respectfully submits that compelling circumstances and good cause exist to shorten the notice period for the Hearing, as requested herein, and that consideration of the Bidding Procedures Motion on shortened notice is justified under the circumstances and in the best interests of the Debtor, its estate, its creditors and other parties in interest.

25. In accordance with Local Rule 9006-1(e), prior to filing the Motion to Shorten, counsel to the Debtor notified counsel to the U.S. Trustee of the relief requested herein. As of the filing of the Motion to Shorten, the U.S. Trustee has informed the Debtor that it will object to the relief requested herein. The Debtor will continue to discuss the relief requested by the Motion to Shorten with the U.S. Trustee and update the Court accordingly.

## CONCLUSION

WHEREFORE, the Debtor requests entry of the Proposed Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: October 13, 2026
Wilmington, Delaware

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

*/s/ Erin R. Fay*

Erin R. Fay (No. 5268)
Shane M. Reil (No. 6195)
Heather P. Lambert (No. 6923)
222 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 304-7600
E-mails: efay@wsgr.com
sreil@wsgr.com
hlambert@wsgr.com

*Proposed Counsel to the Debtor and Debtor in Possession*