**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CHARACTER TECHNOLOGIES, INC.,[1] | Case No. 26-11603 (BLS) |
| Debtor. | **Ref. Docket No. 7** |

**ORDER (I) RESTATING AND ENFORCING THE WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE, (II) APPROVING THE FORM AND MANNER OF NOTICE, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order") (a) restating and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of the Bankruptcy Code, (b) approving the form and manner of notice, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and

[1] The Debtor and the last four digits of its taxpayer identification number are: Character Technologies, Inc. (8842). The Debtor's mailing address for purposes of the chapter 11 case is 700 El Camino Real, Suite 120, P.O. Box 1152, Menlo Park, CA 94025.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Unless otherwise allowed pursuant to a separate order of the Court, pursuant to section 362 of the Bankruptcy Code, all entities, including persons (including individuals, partnerships, corporations, and other entities and all those acting on their behalf) and governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any other jurisdiction (including any division, department, agency, instrumentality or service thereof, and all those acting on their behalf), are hereby stayed, restrained, and enjoined from:

a. commencing or continuing (including the issuance or employment of process) any judicial, administrative, or other action or proceeding against the Debtor that was or could have been commenced before the commencement of the Debtor's chapter 11 case or recovering a claim against the Debtor that arose before the commencement of the Debtor's chapter 11 case;

b. enforcing, against the Debtor or against property of the estate, a judgment obtained before the commencement of the Debtor's chapter 11 case;

c. taking any action to obtain possession of property of the Debtor's estate or of property from the Debtor's estate, or to exercise control over property of the estate;

d. taking any action to create, perfect, or enforce any lien against the property of the Debtor's estate;

e. taking any action to create, perfect, or enforce against property of the Debtor any lien to the extent that such lien secures a claim that arose prior to the commencement of the Debtor's chapter 11 case;

f. taking any action to collect, assess, or recover a claim against the Debtor that arose prior to the commencement of the Debtor's chapter 11 case;

g. offsetting any debt owing to the Debtor that arose before the commencement of the Debtor's chapter 11 case against any claim against the Debtor; and

h. commencing or continuing any proceeding before the United States Tax Court concerning the Debtor, subject to the provisions of 11 U.S.C. § 362(b).

3. Pursuant to sections 362 and 365 of the Bankruptcy Code, notwithstanding a provision in a contract or lease or any applicable law, all persons are hereby stayed, restrained, and enjoined from terminating or modifying any and all contracts and leases to which the Debtor is a party or signatory, at any time after the commencement of this chapter 11 case, solely because of a provision in such contract or lease that is conditioned on the (a) insolvency or financial condition of the Debtor at any time before the closing of this chapter 11 case or (b) commencement of this chapter 11 case.

4. Pursuant to section 525 of the Bankruptcy Code, all governmental units and other regulatory authorities are prohibited and enjoined from: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtor; (b) placing conditions upon such a grant to the Debtor; or (c) discriminating against the Debtor with respect to such a grant, solely because the Debtor is a debtor under the Bankruptcy Code, may have been insolvent before the commencement of this chapter 11 case, or is insolvent during the pendency of this chapter 11 case.

5. For the avoidance of doubt, this Order does not expand or enlarge the rights afforded to the Debtor under the Bankruptcy Code.

6. This Order is declarative and is intended to be coterminous with sections 362, 365, 525, 1107, and 1108 of the Bankruptcy Code. Nothing in this Order shall abridge, enlarge, or otherwise affect (a) the rights of any party or the availability of any of the exceptions contained in the Bankruptcy Code (including without limitation sections 362(b) and 365(e)(1)), (b) the right of any party in interest to seek relief from the worldwide automatic stay in accordance with section 362(d) of the Bankruptcy Code or with respect to an executory contract or unexpired lease under section 365 of the Bankruptcy Code, or (c) the right of any utility under section 366(c)(4) of the Bankruptcy Code.

7. The form and manner of notice (the "Notice") attached hereto as **Exhibit 1** is approved. The Debtor is authorized and directed to serve the Notice upon creditors, governmental units, or other regulatory authorities and/or interested parties wherever located.

8. The Debtor is authorized, but not directed, to procure and provide true and correct foreign-language translations of the Motion, this Order, the Notice, or any other materials filed in this chapter 11 case to any foreign party in interest at the Debtor's discretion.

9. Nothing in this Order or the Motion shall constitute a rejection or assumption by the Debtor, as debtor in possession, of any executory contract or unexpired lease.

10. Nothing in this Order shall prohibit the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police and regulatory power to the extent such action or proceeding is not otherwise stayed or prohibited under applicable law.

11. This Order remains subject to section 362 of the Bankruptcy Code, including its exceptions.

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14. Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtor or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

**Dated: October 14th, 2026**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**