**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHARACTER TECHNOLOGIES, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11603 (BLS)<br><br>**Ref. Docket Nos. 15, 18, 33, 58, 66, 69 & 73-2** |

**JOINDER OF DISNEY TO DEBTOR'S**
**OMNIBUS REPLY IN SUPPORT OF BIDDING PROCEDURES MOTION**

Disney Worldwide Services, Inc. ("Disney") files this joinder (this "Joinder") to the *Debtor's Omnibus Reply in Support of Bidding Procedures Motion* (the "Reply") [Docket No. 73-2] in support of the *Debtor's Motion Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code for Entry of (I) an Order (A) Approving Bidding Procedures and Bid Protections, (B) Scheduling Certain Dates and Deadlines with Respect Thereto, (C) Approving the Form and Manner of Notice Thereof, (D) Approving the Designation of Disney Worldwide Services, Inc. as Stalking Horse Purchaser with Respect to the Disney Target Assets, (E) Authorizing the Debtor to Designate Additional Stalking Horse Purchasers for the Assets and (F) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases; and (II) an Order (A) Authorizing and Approving the Sale of Assets, (B) Approving the Assumption of the TSA and the Assumption and Assignment of the Assumed Executory Contracts and Unexpired Leases and (C) Granting Related Relief* [Docket No. 15] (the "Motion") and respectfully states as follows:

[1] The Debtor and the last four digits of its taxpayer identification number are: Character Technologies, Inc. (8842). The Debtor's mailing address for purposes of the chapter 11 case is 700 El Camino Real, Suite 120, P.O. Box 1152, Menlo Park, CA 94025.

## JOINDER

1. As set forth in the Reply, the objections to the Motion are without merit and should be overruled. The debtor and debtor in possession in the above-captioned case (the "Debtor") and Disney went to great lengths, including Disney's provision of transition services at no cost to the Debtor (other than reimbursement for out-of-pocket expenses), to provide a structure to facilitate a competitive process. As set forth in the *Declaration of Colin M. Adams in Support of the Debtor's Chapter 11 Petition and First Day Motions* (the "First Day Declaration"), after a lengthy prepetition marketing process, Disney was the only party to come forward with an actionable offer to purchase any of the Debtor's assets despite the Debtor and its prior banker having reached out to several dozen potential bidders. First Day Declaration ¶¶ 12–14 [Docket No. 18]. By this Joinder, Disney adopts and incorporates the arguments set forth in the Motion and the Reply as if fully set forth herein, and respectfully requests that the Court grant the Motion and deny each of the objections thereto.

## RESERVATION OF RIGHTS

2. Disney reserves its rights to (i) be heard with respect to the Motion, (ii) raise additional arguments at the hearing on the Motion, and (iii) amend, modify, and supplement this Joinder.

***[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]***

Dated: Wilmington, Delaware
October 27, 2026

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

*/s/ Joseph O. Larkin*

Joseph O. Larkin (I.D. No. 4883)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Joseph.Larkin@skadden.com

- and -

Ron E. Meisler (admitted *pro hac vice*)
Bryan V. Uelk (admitted *pro hac vice*)
320 S. Canal St
Chicago, IL 60606
Telephone: (212) 735-3000
Ron.Meisler@skadden.com
Bryan.Uelk@skadden.com

*Counsel for Disney Worldwide Services, Inc.*