**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| CHARACTER TECHNOLOGIES, INC.,[1] | ) | Case No. 26-11603 (BLS) |
| Debtor. | ) | **Related to Docket No. 15** |

**STATEMENT OF A.D., A MINOR,**
**BY AND THROUGH HER GUARDIAN AD LITEM, K.H.**
**REGARDING (I) THE DEBTOR'S BIDDING PROCEDURES MOTION**
**AND (II) THE CHAPTER 11 CASE**

A.D., a minor, by and through her guardian ad litem, K.H. ("AD"),[2] hereby files this statement (this "Statement"), by and through her undersigned counsel, regarding the *Debtor's Motion Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code for Entry of (I) an Order (A) Approving Bidding Procedures and Bid Protections, (B) Scheduling Certain Dates and Deadlines with Respect Thereto, (C) Approving the Form and Manner of Notice Thereof, (D) Approving the Designation of Disney Worldwide Services, Inc. as Stalking Horse Purchaser with Respect to the Disney Target Assets, (E) Authorizing the Debtor to Designate Additional Stalking Horse Purchasers for the Assets, (F) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases; and (II) an Order (A) Authorizing and Approving the Sale of Assets (B) Approving the Assumption and Assignment of the Assumed Executory Contracts and Unexpired Leases and (C) Granting Related Relief* [Docket No. 15] (the "Bidding Procedures

---

[1] The Debtor and the last four digits of its taxpayer identification number are: Character Technologies, Inc. (8842). The Debtor's mailing address for purposes of the chapter 11 case is 700 El Camino Real, Suite 120, P.O. Box 1152, Menlo Park, CA 94025.

[2] AD is the Plaintiff in the case *A.D., a minor, by and through her proposed guardian ad litem, K.H. v. Character Technologies, Inc. et al.*, Case No. 26-cv-08400 (N.D. Cal.) pending in the United States District Court for the Northern District of California (the "California Litigation"). A true and correct copy of the Complaint in the California Litigation is attached hereto as **Exhibit A** ("Complaint"). By court order, both the identity of AD and of K.H. as guardian ad litem are confidential. *See* Case No. 26-cv-08400 (N.D. Cal.) [Docket No. 9].

Motion")[3] filed by the above-captioned debtor and debtor-in-possession (the "Debtor") in this chapter 11 case (the "Chapter 11 Case"). Accordingly, AD, as an unsecured creditor in this Chapter 11 Case, respectfully states as follows:

**STATEMENT**

1. AD is a minor represented by her mother and guardian ad litem in connection with claims arising from the Debtor and related parties' generative AI product, Character.AI. AD became addicted and emotionally dependent on Character.AI and suffered profound physical, emotional, and psychological harm. As a result, AD was left susceptible to sexual manipulation and exploitation due to her use of the product. *See generally* Complaint.

2. As a threshold matter, AD does not oppose the Debtor's efforts to advance the sale process or maximize value for stakeholders. Nor does AD seek to delay the administration of this Chapter 11 Case. Rather, AD's concern is that the Court is being asked to oversee a significant chapter 11 process without the participation of an official committee of unsecured creditors and without any other fiduciary body charged with protecting the interests of unsecured creditors. Accordingly, AD intends to be an active participant in this Chapter 11 Case to protect both her interests and those of similarly situated unsecured creditors.

3. In a typical chapter 11 case of this complexity, an official committee serves as the statutory representative of unsecured creditors and performs an essential oversight function for the benefit of the estate and all stakeholders. A committee provides an independent perspective separate and apart from that of the debtor, its management, purchasers, counterparties, and other parties in interest. Here, however, no committee has been appointed, and upon information and belief, no committee will be appointed. As a result, the constituency that appears most likely to

---

[3] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Bidding Procedures Motion.

bear the economic consequences of the decisions made in this chapter 11 case (because there are no secured creditors here) currently lacks any fiduciary representative.

4. The absence of a committee is particularly significant because the responsibilities ordinarily performed by a committee do not simply disappear when a committee is not formed. Someone must still evaluate whether value is being maximized, whether estate assets are being appropriately protected, whether causes of action are being properly preserved, and whether creditor recoveries are being enhanced. Without committee participation, there is a substantial risk that those functions may go unperformed.

**A. Independent Review of the Sale Process Remains Critically Important**

5. The Court is presently considering a sale process that may ultimately determine the value available for distribution to unsecured creditors. Although the Debtor has appropriately focused on advancing that process, an official committee would ordinarily provide a separate and independent assessment of whether the proposed procedures are reasonably designed to maximize value for the estate.

6. Among other things, a committee would typically evaluate whether the proposed marketing efforts are sufficient, whether bidding procedures promote meaningful competition, whether transaction terms appropriately balance certainty and value maximization, and whether the overall process is likely to generate the highest and best result available for creditors. A committee would also serve as a continuing monitor of the auction process itself, ensuring that developments occurring after entry of the bidding procedures order continue to advance creditor interests.

7. Because no committee exists, there is presently no party charged with undertaking that review from the perspective of unsecured creditors. AD therefore believes it is important that

she remain actively involved as the sale process progresses and that her ability to review and evaluate the process remain fully preserved.

**B. Investigation of Potential Estate Assets and Causes of Action**

8. Perhaps even more importantly, one of the principal responsibilities of a committee is conducting an independent investigation into potential estate assets and sources of recovery. In many chapter 11 cases, substantial value is derived not solely from operating assets but from claims and rights belonging to the estate. Committees routinely investigate prepetition transactions, relationships among insiders, potential fiduciary-duty claims, avoidance actions, fraudulent transfer claims, preference claims, indemnification rights, insurance proceeds, and other potential sources of recovery. Such investigations frequently identify assets that otherwise might not be evaluated until much later in the case, if at all.

9. Without a committee, there is currently no fiduciary body charged with performing this investigative function on behalf of creditors.

**C. Plan Negotiations**

10. Although the immediate focus is the sale process, the ultimate objective of every chapter 11 case remains the distribution of value through a chapter 11 plan or similar restructuring mechanism.

11. A creditors committee ordinarily plays a central role in negotiating and evaluating plan terms. Committees routinely analyze the treatment of claims, the allocation of sale proceeds, recoveries available to creditors, reserve structures, settlements, releases, exculpations, and other provisions that directly affect stakeholder outcomes. In many cases, the committee effectively serves as the primary negotiating counterparty on behalf of unsecured creditors.

12. Moreover, in many sale-driven chapter 11 cases, creditor recoveries depend not only on the sale itself but also on the structure of any post-confirmation vehicle established to administer remaining assets and causes of action.

13. If this chapter 11 case ultimately involves a liquidation trust, litigation trust, recovery trust, wind-down entity, or similar structure, a committee would ordinarily play a substantial role in negotiating governance provisions, trustee selection, funding arrangements, litigation oversight, prosecution of retained claims, and distribution procedures. Those decisions can have a significant impact on ultimate creditor recoveries.

14. Because no committee will exist here, there is presently no entity positioned to perform those functions.

## CONCLUSION

15. In the absence of an official committee, issues of vital importance to maximizing value for the Debtor's estate and unsecured creditors will not receive the substantial attention that a creditors' committee is ordinarily charged with providing. AD hopes to fill that gap as a member of the unsecured creditor class.

16. AD intends, wherever possible, to work constructively with the Debtor and other case constituents in good faith to resolve any issues that may arise during the pendency of this case. AD intends to engage with parties in a manner that avoids unnecessary friction or expense while safeguarding the interests of unsecured creditors.

17. As to the Bidding Procedures Motion, AD believes it is appropriate that the Court limit the relief granted to that which is necessary to advance the sale process at this stage to ensure that parties in interest remain free to raise issues and be heard at varying stages in the sale process, including at the sale hearing, as additional information becomes available and the case progresses.

18. To this end, AD respectfully requests that she be made a Consultation Party under the Bidding Procedures to fill the void left by the absence of a committee that would customarily be afforded such status in sale processes of similar size and complexity in this district. This is particularly true where the economic outcome of the sale process will directly impact unsecured creditors and potential recoveries.

*[Remainder of Page Intentionally Left Blank]*

Dated: October 29, 2025
Wilmington, Delaware

**MCDERMOTT WILL & SCHULTE LLP**

*<u>/s/ David R. Hurst</u>*
David R. Hurst (I.D. No. 3743)
Andrew A. Mark (I.D. No. 6861)
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
Telephone: (302) 485-3900
Email: dhurst@mcdermottlaw.com
amark@mcdermottlaw.com

- *and* -

Darren Azman
Kristin Going
Gregg M. Galardi (I.D. No. 2991)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Email: dazman@mcdermottlaw.com
kgoing@mcdermottlaw.com
ggalardi@mcdermottlaw.com

- *and* -

Gregg A. Steinman
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131
Telephone: (305) 358-3500
Email: gsteinman@mcdermottlaw.com

*Counsel to A.D., a minor, by and through her guardian ad litem, K.H.*