**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARACTER TECHNOLOGIES, INC.,[1] | ) | Case No. 26-11603 (BLS) |
| | ) | |
| Debtor. | ) | Ref. Docket Nos. 106 & 119 |
| | ) | Objection Deadline: November 18, 2026 at 4:00 p.m. (ET) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF DIGITALOCEAN, LLC TO NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE DEBTOR**

DigitalOcean, LLC ("DigitalOcean") files this limited objection and reservation of rights (this "Objection") to the *Notice of Possible Assumption and Assignment with Respect to Executory Contracts and Unexpired Leases of the Debtor* [Docket No. 119] (the "Assumption Notice") filed by the above-captioned debtor and debtor in possession (the "Debtor"). Capitalized terms used but not defined in this Objection have the meanings given to them in the Assumption Notice or the Bidding Procedures Order (as defined below). In support, DigitalOcean states as follows:

**PRELIMINARY STATEMENT**

1. DigitalOcean does not oppose the Debtor's proposed sale of all or substantially all of its assets (the "Sale") and does not object to the assumption and assignment, in connection with the Sale, of its compute agreement with the Debtor, together with all operative order forms, amendments, schedules, and other documents comprising the parties' integrated contractual relationship (collectively, the "DigitalOcean Agreement"), provided the requirements of section 365 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), are

[1] The Debtor and the last four digits of its taxpayer identification number are: Character Technologies, Inc. (8842). The Debtor's mailing address for purposes of the chapter 11 case is 700 El Camino Real, Suite 120, P.O. Box 1152, Menlo Park, CA 94025.

satisfied. DigitalOcean reserves all rights concerning which order forms and related documents remain operative and comprise the integrated DigitalOcean Agreement.

2. DigitalOcean objects because the Proposed Cure Amount understates the prepetition default and fails to account for post-petition amounts that may be due and unpaid when assumption becomes effective. The Assumption Notice proposes a cure amount of $2,646,136 (the "Proposed Cure Amount"), but DigitalOcean is owed $2,668,727.70 in prepetition amounts reflected in the Debtor's schedules and DigitalOcean's timely filed Proof of Claim, *plus* post-petition charges that continue to accrue at approximately $65,000 per day based on the Debtor's current usage.

3. DigitalOcean therefore asks the Court to (a) fix the prepetition cure amount at not less than $2,668,727.70, subject to adjustment for any additional contractual amounts and credits for payments received; (b) condition assumption and assignment on payment of all post-petition amounts that have become due and remain unpaid as of the effective date; (c) provide that amounts accrued but not yet contractually due remain enforceable obligations under the assumed DigitalOcean Agreement and must be paid when due; and (d) condition assignment on a demonstration of adequate assurance of future performance by the proposed assignee.

## BACKGROUND

### *A. The Chapter 11 Case*

4. On October 12, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the

District of Delaware (the "Court"). The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. In connection with the Sale, the Debtor entered into a Stalking Horse Transaction Agreement dated as of October 13, 2026 with Disney Worldwide Services, Inc. ("Disney"), subject to higher or otherwise better offers pursuant to the Bidding Procedures.

6. On November 4, 2026, the Court entered an order [Docket No. 106] (the "Bidding Procedures Order") approving, among other things, the Bidding Procedures and certain Assumption and Assignment Procedures. The Bidding Procedures Order contemplates an Auction on December 1, 2026 at 10:00 a.m. (ET) and a Sale Hearing on December 3 and 4, 2026 at 9:30 a.m. (ET).

***B. The DigitalOcean Agreement and the Assumption Notice***

7. Under the DigitalOcean Agreement, DigitalOcean provides cloud computing infrastructure and related services to the Debtor, including Kubernetes cluster and shared storage services. A Kubernetes cluster is a group of servers, managed as a single system, that runs the Debtor's software applications and automatically starts, scales, and restarts them as needed.

8. On November 4, 2026, the Debtor filed the Assumption Notice, which lists "DigitalOcean, LLC" as the counterparty to a "Compute Agreement" with Character Technologies, Inc. and proposes the Proposed Cure Amount of $2,646,136. *See* Assumption Notice, Ex. A, No. 36.

9. The Assumption Notice provides that the Cure Amounts "are the only amounts proposed to be paid upon any assumption and assignment of the Assigned Contracts, in full satisfaction of all amounts outstanding under the Assigned Contracts," and that a counterparty that fails to timely object will be deemed to consent to the Cure Amount and barred from asserting

other claims. The Contract Objection Deadline, including for objections to adequate assurance of future performance by Disney or any Additional Stalking Horse Purchaser, is November 18, 2026 at 4:00 p.m. (ET).

### *C. DigitalOcean's Prepetition Claim*

10. On November 4, 2026, DigitalOcean timely filed a proof of claim against the Debtor, designated as Claim No. 7 (the "Proof of Claim"), asserting a general unsecured claim of $2,668,727.70 for services provided, supported by the following invoices:

| **Invoice** | **Service Period** | **Amount Due** |
|---|---|---|
| No. 556611788 (issued Oct. 1, 2026) | September 1 – 30, 2026 | $1,953,100.26 |
| No. 559498300-1 (issued Nov. 1, 2026) | October 1 – 11, 2026 | $715,627.44 |
| **Total Prepetition Amount** | | **$2,668,727.70** |

### *D. Post-Petition Services*

11. Since the Petition Date, DigitalOcean has continued to provide services to the Debtor, and the Debtor has continued to use and benefit from them. On November 1, 2026, DigitalOcean issued Invoice No. 559498300-2 for services provided from October 12 through October 31, 2026, in the amount of $1,301,140.82, with payment due December 1, 2026 (the "Post-Petition Invoice"). DigitalOcean expects the Debtor to continue using its services, and charges to continue accruing, through the effective date of any assumption and assignment.

12. The Debtor has assured DigitalOcean that post-petition invoices, including the Post-Petition Invoice, will be paid in the ordinary course of business. If the Post-Petition Invoice or any other post-petition amount becomes due and remains unpaid before assumption and assignment become effective, it constitutes an existing payment default that must be cured, or its prompt cure adequately assured, under section 365(b)(1)(A). Amounts accrued but not yet

contractually due as of the effective date remain obligations under the assumed DigitalOcean Agreement and must be paid when due.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

### *A. The Proposed Cure Amount Understates the Prepetition Default and Fails to Account for Post-Petition Obligations*

13. A trustee may not assume an executory contract under which there has been a default unless, at the time of assumption, the trustee "(A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ; (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract . . . for any actual pecuniary loss to such party resulting from such default; and (C) provides adequate assurance of future performance under such contract." 11 U.S.C. § 365(b)(1). A debtor in possession is subject to the same requirements, *see* 11 U.S.C. § 1107(a), and may assign a contract only if it first assumes it and adequate assurance of future performance by the assignee is provided. 11 U.S.C. § 365(f)(2).

14. The Proposed Cure Amount is $22,591.70 less than the $2,668,727.70 prepetition amount reflected in the Proof of Claim, and it omits post-petition amounts entirely.

15. DigitalOcean therefore objects to assumption and assignment unless (a) the prepetition cure amount is fixed at not less than $2,668,727.70, subject to adjustment for any additional contractual amounts and credits for payments received; (b) all post-petition amounts that have become due and remain unpaid as of the effective date are paid or their prompt payment is adequately assured; and (c) all amounts accrued but not yet due remain enforceable under the assumed DigitalOcean Agreement and are paid when due.

### *B. Assumption Requires Cure of All Existing Defaults and Preservation of Unmatured Obligations*

16. Cure is measured "at the time of assumption" and extends to all defaults then existing, including post-petition defaults. 11 U.S.C. § 365(b)(1). The Post-Petition Invoice becomes due December 1, 2026. If that invoice or any other post-petition amount has become due and remains unpaid when assumption and assignment become effective, it is an existing default that must be cured, or its prompt cure adequately assured, as a condition to assumption. 11 U.S.C. § 365(b)(1)(A). Amounts attributable to services rendered before the effective date but not yet contractually due are not existing payment defaults; they nevertheless remain obligations under the assumed DigitalOcean Agreement and must be paid by the Debtor or the assignee when due. Neither the Assumption Notice nor any Sale Order should release, discharge, enjoin, or otherwise impair DigitalOcean's right to collect those amounts in accordance with the DigitalOcean Agreement.

17. A debtor that assumes an executory contract must take its burdens with its benefits. *See In re CB Holding Corp.*, 448 B.R. 684 (Bankr. D. Del. 2011) (integrated agreement "cannot be assumed in part and rejected in part") (citing *In re Philadelphia Newspapers, LLC*, 424 B.R. 178, 183 (Bankr. E.D. Pa. 2010) (debtor "must either assume the whole contract, cum onere, or reject the entire contract, shedding obligations as well as benefits")). Accordingly, the Debtor must assume the entire operative DigitalOcean Agreement, cure all amounts then due and unpaid, and preserve all unmatured and future payment obligations in accordance with their terms. Neither the Debtor nor any assignee may obtain the benefits of the DigitalOcean Agreement while extinguishing or impairing DigitalOcean's right to payment.

18. Any order approving assumption and assignment should therefore require (a) payment in full in cash, on or before the effective date, of the prepetition cure amount of not less than $2,668,727.70 and all post-petition amounts that have become due and remain unpaid as of that date, subject to credit for payments received; (b) that all amounts accrued but not yet contractually due remain valid and enforceable obligations under the assumed DigitalOcean Agreement and be paid when due; (c) that the assignee remain responsible for all obligations arising under the DigitalOcean Agreement from and after the effective date; and (d) that neither the Assumption Notice nor any Sale Order releases, discharges, enjoins, impairs, or otherwise affects DigitalOcean's right to payment of any billed or unbilled amount not included in the cure payment.

***C. Adequate Assurance of Future Performance Has Not Been Demonstrated***

19. Assumption and assignment also require adequate assurance of future performance, which the Debtor and the proposed assignee bear the burden of demonstrating. 11 U.S.C. §§ 365(b)(1)(C), 365(f)(2)(B). Because the DigitalOcean Agreement generates substantial recurring charges—more than $1.9 million for the September 2026 billing period alone—DigitalOcean is entitled to meaningful evidence of the assignee's financial wherewithal and ability to perform.

20. DigitalOcean has not received information sufficient to evaluate whether Disney, any Additional Stalking Horse Purchaser, or any other Winning Bidder can provide adequate assurance, and no Winning Bidder has been identified. DigitalOcean therefore requests prompt disclosure of (a) the exact legal entity proposed to take assignment; (b) written confirmation that the assignee will accept and perform the entire integrated DigitalOcean Agreement, including payment of accrued but unmatured amounts when due; (c) the assignee's intended use of the

services and whether current usage is expected to continue; (d) any proposed changes to billing, credit terms, service configuration, or account ownership; and (e) financial information or other evidence reasonably sufficient to establish the assignee's ability to satisfy the expected payment obligations. DigitalOcean reserves the right to seek additional information and to supplement this Objection at or before the Sale Hearing, consistent with the Bidding Procedures Order and the Assumption Notice.

### *D. Reservation of Rights*

21. DigitalOcean reserves all rights, claims, defenses, and remedies under the DigitalOcean Agreement, the Bankruptcy Code, and applicable law, including the right to (a) amend or supplement this Objection to include any amounts that become due or accrue between the date hereof and the effective date of any assumption and assignment; (b) assert any interest, fees, costs, attorneys' fees, or other charges recoverable under the DigitalOcean Agreement or applicable law; (c) if the DigitalOcean Agreement is not assumed, or if the Court declines to require payment of any post-petition amount under section 365, seek allowance and payment of all post-petition charges as actual and necessary costs of preserving the estate under sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code; (d) object to assumption and assignment on any additional grounds, including in response to any proposed Sale Order, notice of Winning Bidder, or proposed assignee other than Disney; (e) object to any attempt to modify the DigitalOcean Agreement or to assign less than the entire operative agreement; and (f) assert all rights concerning which order forms and related documents remain operative and comprise the integrated DigitalOcean Agreement. Nothing herein waives any of DigitalOcean's rights, claims, or defenses, including with respect to the Proof of Claim, or constitutes consent to assumption and assignment on terms other than those required by section 365.

## NOTICE

22. Notice of this Objection has been provided to the Objection Notice Parties identified in the Assumption Notice and to all parties registered to receive electronic notice in this chapter 11 case through the Court's CM/ECF system. DigitalOcean submits that no other or further notice is required.

## CONCLUSION

WHEREFORE, DigitalOcean respectfully requests that the Court enter an order:

(i) sustaining this Objection;

(ii) fixing the prepetition cure amount for the DigitalOcean Agreement at not less than $2,668,727.70, subject to adjustment for additional contractual amounts and credits for payments received;

(iii) conditioning any assumption and assignment of the DigitalOcean Agreement on payment in full in cash, on or before the effective date, of (a) the prepetition cure amount of not less than $2,668,727.70 and (b) all post-petition amounts that have become due and remain unpaid as of the effective date, in each case subject to credit for payments received;

(iv) providing that all amounts attributable to services rendered before the effective date but not yet contractually due remain valid and enforceable obligations under the assumed DigitalOcean Agreement and shall be paid by the Debtor or the assignee when due;

(v) providing that neither the Assumption Notice nor any order approving the Sale or assumption and assignment releases, discharges, enjoins, impairs, or otherwise affects DigitalOcean's right to payment of any billed or unbilled amount not included in the cure payment;

(vi) providing that the assignee shall be responsible for all obligations arising under the DigitalOcean Agreement from and after the effective date;

(vii) conditioning any assumption and assignment on a demonstration of adequate assurance of future performance by the proposed assignee, and directing the Debtor and any proposed assignee to promptly provide DigitalOcean with the information described in paragraph 20 above;

(viii) denying assumption and assignment of the DigitalOcean Agreement to the extent the foregoing conditions are not satisfied; and

(ix) granting DigitalOcean such other and further relief as the Court deems just and proper.

Dated: November 18, 2026
Wilmington, Delaware

**GELLERT SEITZ BUSENKELL & BROWN, LLC**

*<u>/s/ Michael Busenkell</u>*
Michael Busenkell (DE 3933)
1201 N. Orange Street, Suite 300
Wilmington, Delaware 19801
Telephone: (302) 425-5812
Facsimile: (302) 425-5814
Email: mbusenkell@gsbblaw.com

-and-

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Gregory M. Taube (pro hac vice admission pending)
201 17th Street NW, Suite 1700
Atlanta, Georgia 30363
Telephone: (404) 322-6000
Email: greg.taube@nelsonmullins.com

*Counsel to DigitalOcean, LLC*