**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHARACTER TECHNOLOGIES, INC.,[2]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11603 (BLS)<br><br>***Proposed* Hearing Date:**<br>**November 23, 2026 at 2:00 p.m. (ET)**<br><br>**Objection Deadline:**<br>**At or Prior to the Hearing** |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTOR TO MAINTAIN THE CONFIDENTIALITY OF CERTAIN INFORMATION IN CONNECTION WITH THE NOTICE OF DESIGNATION OF ADDITIONAL STALKING HORSE PURCHASER AND ADDITIONAL STALKING HORSE SUPPLEMENT FOR ASSETS OTHER THAN THE DISNEY TARGET ASSETS AND (II) GRANTING RELATED RELIEF**

The debtor and debtor in possession in the above-captioned case (the "Debtor"), by and through its undersigned counsel, hereby submits this motion (this "Motion"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(d) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, in substantially the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtor to maintain the confidentiality of the identity of the financial sponsor of the stalking horse purchaser (the "Confidential Information") identified in the *Notice of Designation of Additional Stalking Horse Purchaser and Stalking Horse Supplement for Assets Other than the Disney Target Assets* [Docket No. 164] (the "Additional Stalking Horse

[2] The Debtor and the last four digits of its taxpayer identification number are: Character Technologies, Inc. (8842). The Debtor's mailing address for purposes of the chapter 11 case is 700 El Camino Real, Suite 120, P.O. Box 1152, Menlo Park, CA 94025.

Supplement") and other public filings in this case. In support of this Motion, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, pursuant to Local Rule 9013-1(f), the Debtor consents to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(d).

## RELIEF REQUESTED

4. By this Motion, the Debtor seeks entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtor to maintain the confidentiality of the Confidential Information in the Additional Stalking Horse Supplement and other public filings in this case that would otherwise disclose the Confidential Information, such that the Confidential Information shall only be provided on a confidential basis to the Court, the official committee of unsecured creditors, the NAAG Client States,[3] and the Office of the United States Trustee (the "U.S. Trustee").

---

[3] The "NAAG Client States" include: the State of Alaska; the People of the State of California; State of Colorado, ex rel. Phil J. Weiser, Attorney General; Office of the Attorney General, State of Connecticut; District of Columbia, Office of the Attorney General; State of Delaware ex rel. Kathleen Jennings, Attorney General; State of Georgia; State of Hawaii; The Attorney General of Idaho; The People of the State of Illinois by Attorney General Kwame Raoul;

(continued...)

5. In the alternative, the Debtor requests relief to amend the Bidding Procedures Order in accordance with Local Rule 9013-1(k).

## BACKGROUND

### I. GENERAL BACKGROUND

6. On October 12, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On November 4, 2026, the U.S. Trustee appointed a three-member official committee of unsecured creditors (the "Committee"). *See* Docket No. 115.

8. On November 4, 2026, the Court entered the *Order (A) Approving Bidding Procedures and Bid Protections, (B) Scheduling Certain Dates and Deadlines with Respect Thereto, (C) Approving the Form and Manner of Notice Thereof, (D) Approving the Designation of Disney Worldwide Services, Inc. as Stalking Horse Purchaser with Respect to the Disney Target Assets, (E) Authorizing the Debtor to Designate Additional Stalking Horse Purchasers for the*

---

The State of Kansas, ex rel. Kris Kobach; Commonwealth of Kentucky, ex. rel. Russell Coleman, Attorney General; State of Louisiana; State of Maine; Consumer Protection Division of the Office of the Attorney General of Maryland; State of Massachusetts; The People of the State of Michigan, by its Attorney General; State of Minnesota, by its Attorney General, Keith Ellison; State of Mississippi ex rel. Attorney General Lynn Fitch; State of Nevada; New Hampshire Office of the Attorney General; State of New York; State of North Carolina; State of North Dakota, ex rel. Drew H. Wrigley, Attorney General; Ohio Attorney General; Office of the Attorney General, State of Oklahoma; State of Rhode Island; The State of South Carolina ex rel. Alan Wilson, in his official capacity as Attorney General of the State of South Carolina; The Attorney General of South Dakota; State of Tennessee, ex rel. Jonathan Skrmetti, Attorney General and Reporter State of Utah; State of Vermont by and through the State Attorney General; Commonwealth of Virginia, ex rel. Jay Jones, Attorney General; State of Washington; State of Wisconsin; and the Office of the West Virginia Attorney General by and through Abigail Rushing Ryan, Bankruptcy Counsel, National Association of Attorneys General; and by the State of New Jersey, through Jennifer Davenport, Attorney General of the State of New Jersey and Christopher L. Peterson, Acting Director of the New Jersey Division of Consumer Affairs; State of Oregon ex rel. Dan Rayfield, Oregon Attorney General by and through Senior Assistant Attorney General, Justin D. Leonard; and by the Commonwealth of Pennsylvania, Office of the Attorney General, by Attorney General David W. Sunday, Jr., by and through Chief Deputy Attorney General, Melissa L. Van Eck.

*Assets and (F) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases* [Docket No. 106] (the "Bidding Procedures Order").[4]

9. Additional factual background regarding the Debtor, including its business operations, its corporate and capital structure, and the events leading to the filing of this chapter 11 case is set forth in the *Declaration of Colin M. Adams in Support of the Debtor's Chapter 11 Petition and First Day Motions* [Docket No. 18] (the "First Day Declaration") and incorporated herein by reference.

## II. THE CONFIDENTIAL INFORMATION

10. The Bidding Procedures Order authorized the Debtor to, among other things, designate Additional Stalking Horse Purchasers with respect to all or any subset of the Assets, other than the Assets proposed to be acquired by Disney, on or before November 14, 2026 through the filing of a supplement with the Court. The Bidding Procedures Order provided that the Additional Stalking Horse Supplement would set forth (i) the identity of the Additional Stalking Horse Purchaser (and if the Additional Stalking Horse Purchaser is a newly formed entity, then the Additional Stalking Horse Purchaser's parent company or sponsor), (ii) the amount of the purchase price in such Additional Stalking Horse Agreement, (iii) any connections between the Additional Stalking Horse Purchaser and the Debtor other than those that arise from the Additional Stalking Horse Agreement, (iv) a list of executory contracts and/or unexpired leases proposed to be assumed and assigned in connection with such Additional Stalking Horse Purchaser's Stalking Horse Agreement and (v) the proposed Bid Protections to be provided to such Additional Stalking Horse Purchaser.

[4] Capitalized terms used but not otherwise defined herein have the meaning given to such terms in the Bidding Procedures Order.

11. In accordance with the Bidding Procedures Order, on November 14, 2026, the Debtor filed the Additional Stalking Horse Supplement. As disclosed in such supplement, the Additional Stalking Horse Purchaser is a Delaware limited liability company known as Smirks and Pangs Acquisition, LLC.[5] Its identity was disclosed in the Additional Stalking Horse Supplement, but, upon request of the Additional Stalking Horse Purchaser related to the commercial sensitivity of the financial sponsor, its sponsor's identity was not disclosed. The financial sponsor of Smirks and Pangs Acquisition, LLC is a New York venture capital fund that invests in technology and software companies.

12. Given the commercial sensitivity of the Confidential Information, the Debtor seeks authority to protect and maintain the confidentiality of the Confidential Information in public filings in this chapter 11 case in accordance with the relief sought herein.

13. The Debtor will disclose the Confidential Information, on a confidential basis, to the Court and to other parties in interest in these cases as may be ordered by the Court and already has disclosed the Confidential Information to the U.S. Trustee, proposed counsel for the Committee, and counsel to the NAAG Client States, each on a confidential basis.

## BASIS FOR RELIEF REQUESTED

14. Given the sensitive nature of the Confidential Information, the Debtor requests authority to maintain the confidentiality of it from public filings in this case. Although the public has a common-law "right of access to judicial proceedings and records," *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code requires courts, in appropriate circumstances, to protect entities from disclosure of their confidential commercial information by limiting the

[5] The entity name is a nod to the platform's user community. It refers to the words "smirk" and "pang," which both appeared frequently in responses generated by the Debtor's AI language models, a familiar pattern with AI language models, and are widely recognized among the platform's users. The name was chosen to acknowledge that community.

public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. 11 U.S.C. § 107(b); Fed. R. Bankr. P. 9018; *see also Cendant*, 260 F.3d at 194 (the public's right of access "is not absolute") (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although 'the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.'").

15. Sections 105(a) and 107(b) of the Bankruptcy Code allow the Court to authorize the sealing of the Confidential Information under seal. Pursuant to section 105(a) of the Bankruptcy Code, bankruptcy courts have the inherent equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In addition, 11 U.S.C. § 107(b) provides bankruptcy courts with the power to protect parties in interest from potentially harmful disclosures:

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]

11 U.S.C. § 107(b). In this vein, section 107(b) constitutes an exception to the general rule that documents filed in chapter 11 cases are public records open to examination and protects entities from any potential harm that may be caused by the disclosure of certain confidential or commercial information.

16. Bankruptcy Rule 9018 establishes the procedures by which a party in interest may seek relief under section 107(b) of the Bankruptcy Code to file a document under seal. Specifically, Bankruptcy Rule 9018 states:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate

> or any entity in respect of a trade secret or other confidential research, development, or commercial information…

Fed. R. Bankr. P. 9018.

17. Once a court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994). Courts have held that protection under section 107(b) must be granted if the information sought to be protected is commercial information, and significantly, that commercial information need not rise to the level of a trade secret to be entitled to protection. *Id.* at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Commercial information may also include "situations where a bankruptcy court may reasonably determine that allowing . . . disclosure would have a 'chilling effect on [business] negotiations, ultimately affecting the viability of [the] Debtors." *In re Borders Grp., Inc.*, 462 B.R. 42, 47-48 (Bankr. S.D.N.Y. 2011). Furthermore, in contrast with Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *Orion Pictures Corp.*, 21 F.3d at 28. Nor does such require a finding of "extraordinary circumstances or compelling need." *Id.* at 27.

18. Indeed, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *Id.* at 27*; see In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Once it has been established that the subject

information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure. *Id.* at 725.

19. Sufficient grounds exist for the Court to grant the relief requested herein. As set forth above, the Confidential Information consists of the identity of the Additional Stalking Horse Purchaser's financial sponsor. The Confidential Information is commercially sensitive and confidential in nature because public disclosure of the Confidential Information could reveal the sponsor's investment strategy, materially affecting the entity's ability to compete in the AI sector. These concerns are even more heightened given the highly-publicized nature of this chapter 11 case. The Debtor also believes that disclosure of the Confidential Information may deter the Additional Stalking Horse Purchaser's willingness to participate in this process thereby chilling the sale process and the Debtor's efforts.

20. Recognizing that both transparency and public scrutiny are key elements of the bankruptcy process, the Debtor analyzed the Confidential Information to withhold only such information it believes is necessary to protect the parties from harm. Moreover, the relief sought herein is narrow.

21. Accordingly, the Debtor submits that the Court should authorize the Debtor to maintain the confidentiality of the Confidential Information, and to disclose the Confidential Information to the Court, the U.S. Trustee, the Committee, the NAAG Client States, and any other party as ordered by the Court.

## **ALTERNATIVE RELIEF TO AMEND THE BIDDING PROCEDURES ORDER**

22. In the alternative, the Debtor respectfully requests relief to amend paragraph 4 of the Bidding Procedures Order under Local Rule 9013-1(k). Specifically, the Debtor seeks authority to remove the provision in the Bidding Procedures Order providing that the Additional

Stalking Horse Supplement shall identify the Additional Stalking Horse Purchaser's parent company or sponsor. The Debtor believes that the amendment to the Bidding Procedures Order is non-material and appropriate under the circumstances and should be approved for the reasons set forth herein.

## COMPLIANCE WITH LOCAL RULE 9018-1(d)

23. To the best of the knowledge, information, and belief of the undersigned counsel to the Debtor, the Confidential Information is confidential, as contemplated by Local Rule 9018-1(d)(iii).

## NOTICE

24. The Debtor will provide notice of this Motion to: (a) the U.S. Trustee; (b) proposed counsel for the Committee; (c) counsel to the Additional Stalking Horse Purchaser, and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and any further relief the Court may deem just and proper.

Dated: November 19, 2026
Wilmington, Delaware

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

*/s/ Heather P. Lambert*

Erin R. Fay (No. 5268)
Shane M. Reil (No. 6195)
Heather P. Lambert (No. 6923)
222 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 304-7600
E-mails: efay@wsgr.com
sreil@wsgr.com
hlambert@wsgr.com

*Counsel to the Debtor and Debtor in Possession*